**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANDREW ALEXANDER, et al.**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**V.**　　　　　　　　　　　　　　　　　　　　　　　　**NO. 4:20-CV-21-DMB-JMV**

**PELICIA E. HALL, et al.**　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

**ORDER**

This prison civil rights case is before the Court on the defendants' motion to dismiss. Doc. #45.

**I
Procedural History**

On May 4, 2020, the plaintiffs,[1] fourteen current or former prisoners at the Mississippi State Penitentiary at Parchman ("Parchman"), "on behalf of themselves and all others similarly situated," filed a "(Second Amended) Class Action Complaint and Demand for Jury Trial"[2] in the United States District Court for the Northern District of Mississippi against several individuals associated with the Mississippi Department of Corrections ("MDOC") and Parchman.[3] Doc. #17.

---

[1] The named plaintiffs are Andrew Alexander, Hubert Anderson, John Barnes, Steven Barnes, Jarred Baysinger, Maurice Bishop, Benny Blansett, Jason Bonds, Antonio Boyd, Mckinley Brady, Darkeyus Brown, Christopher Burns, Cedric Calhoun, and Rayshon Darden. Doc. #17 at 1.

[2] Although titled as their second amended complaint, it is actually the fourth complaint filed in this action. *See* Docs. #1, #13, #15. The plaintiffs did not amend their complaint until more than 21 days after the initial defendants were served on February 24, 2020. *See* Docs. #4, #5, #6. Nor did they seek leave to file their additional amendments. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within … 21 days after serving it …."). However, as the defendants specifically challenge the "(Second Amended) Class Action Complaint and Demand for Jury Trial" in the motion to dismiss, the Court will treat it as the operative pleading. *See Jefferson v. Broadnax*, No. 3:12-CV-4638, 2013 WL 3455707, at *1 n.1 (N.D. Tex. July 9, 2013) ("The Court treats Plaintiff's First Amended Complaint … as the operative pleading in this case. Although filed without leave of court, [the defendant] tacitly consented to the amendment by specifically addressing and reurging its motion to dismiss in response to the amended complaint.").

[3] The named defendants are Pelicia E. Hall, Tommy Taylor, Marshal Turner, Jeworski Mallett, Gloria Perry, Brenda S. Cox, Timothy Morris, Lee Simon, Marylen Sturdivant, Wendell Banks, Verlena Flagg, Jewel Morris, Leather Williams, Earnest King, Laquitta Meeks, Stanley Flagg, Claude Lee, Peggy Lathan, Olivia Westmoreland, Caren Webb, Terry Haywood, Audrey Fields, and John and Jane Does (1-500). Doc. #17 at 1.

The second amended complaint alleges 42 U.S.C. § 1983 claims that "[d]ue to Mississippi's failure to properly fund, staff, and maintain its prisons and Defendants' individual personal actions and non-actions … Plaintiffs are currently being confined in conditions which pose serious and imminent dangers to their safety and well-being," in violation of their Eighth and Fourteenth Amendment rights. *Id.* at 2, 30.

The defendants[4] filed a motion to dismiss on June 12, 2020. Doc. #45. The plaintiffs filed their initial response on July 16, 2020. Doc. #48. Following a notice by the Clerk that the filing did not comply with the Local Rules, the plaintiffs refiled the response and supporting memorandum on July 20, 2020. Docs. #50, #51. However, because the refiled response and accompanying memorandum also violated the Local Rules, the Court struck the documents on December 14, 2020, and allowed the plaintiffs seven days to again refile their response and memorandum. Doc. #64. The plaintiffs failed to do so within the time allowed.[5]

## II
## Analysis

The defendants argue the second amended complaint should be dismissed because the plaintiffs "failed to establish Article III standing, failed to state a claim under Section 1983, failed to make sufficient allegations to overcome qualified immunity, and failed to allege a physical injury as required by the Prion [sic] Litigation Reform Act." Doc. #46 at 1–2. Because Article III challenges implicate this Court's subject matter jurisdiction, the Court will address the standing argument first. *See Singh v. RadioShack Corp.*, 882 F.3d 137, 151 (5th Cir. 2018) ("Standing must

---

[4] Marshal Turner, who had not been served at the time the motion was filed, did not join the motion to dismiss. Doc. #45. Turner was subsequently served on October 9, 2020, and has not appeared in this action. Doc. #63 at 2.

[5] On January 5, 2021, after the deadline set by the Court's December 14 order, the plaintiffs refiled their response and memorandum, along with a motion requesting an extension of time to file their response. Docs. #67, #68, #65. However, because the plaintiffs did not show excusable neglect for their failure to file their response within the allowed time frame, the Court denied the motion and struck the response and memorandum as untimely. Doc. #69 at 3.

2

be decided … before a determination on the merits.").

### A. Standing

"The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Inclusive Cmtys. Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019). To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*.

Motions to dismiss for lack of standing are governed by Federal Rule of Civil Procedure 12(b)(1). *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017). Such motions may be either "facial" or "factual." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). Where, as here, a defendant does not submit evidentiary materials in support of the motion to dismiss, the attack is said to be facial. *Id*.

To resolve a facial attack, "the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true." *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (internal quotation marks omitted). In conducting this inquiry, a court "must not confuse weakness on the merits with absence of Article III standing." *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 800 (2015) (cleaned up). Thus, when "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56." *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (cleaned up).

Here, the defendants argue the plaintiffs lack standing because they (1) "have not made any allegations to place themselves among those inmates allegedly injured at Parchman," Doc. #46 at 7; and (2) "[e]ven assuming Plaintiffs alleged an injury, they still cannot satisfy the causation requirement for standing" because they "have not alleged any particular conduct by any Defendant that is traceable" to the injury, *id.* at 9. These arguments go to the heart of a § 1983 claim against an individual defendant, which requires a constitutional violation and that the defendant be responsible for the violation. *DeMarco v. Davis*, 914 F.3d 383, 390 (5th Cir. 2019) ("To state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.") (alteration omitted). Given the overlap between the standing challenge and the merits of the plaintiffs' claims, the Court concludes that jurisdiction exists and that the defendants' arguments should be considered a part of their challenges to the merits. *Montez*, 392 F.3d at 150.

### B. Merits

Beyond their standing challenge, the defendants argue that the plaintiffs' claims must be dismissed under Rule 12(b)(6) because the plaintiffs "have failed to state a claim under Section 1983 and have failed to plead allegations to defeat a defense of qualified immunity." Doc. #46 at 9. While the defendants raise numerous arguments on the merits (including qualified immunity), the Court need only address one—that the second amended complaint is subject to dismissal as a shotgun pleading. Doc. #46 at 14–15.

Federal Rule of Civil Procedure 8 requires that a plaintiff plead sufficient facts "to provide notice to [a defendant] of the factual basis" for the plaintiff's claims. *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006). Shotgun pleadings

4

violate the notice pleading standard "by failing to one degree or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up); *see Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (citing *Vibe Micro*); *Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015). Such pleadings are subject to dismissal but a district court must "allow a litigant one chance to remedy [the] deficiencies." *Vibe Micro*, 878 F.3d at 1295.

> The Eleventh Circuit has identified "four rough types of categories of shotgun pleadings":
>
> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type … is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted). While these "groupings cannot be too finely drawn," the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1321, 1323.

Here, the plaintiffs' second amended complaint commits the "mortal sin" of incorporating each allegation into each of its two counts. *See* Doc. #17 at 30. As a practical matter, this means each count includes approximately eighty allegations spanning approximately thirty pages. This wholesale incorporation of extraneous allegations is particularly troublesome because neither of the two counts make any effort to identify which acts of the defendants underlie each claim.

5

Beyond the incorporation of previous allegations, Count One, a claim for protection from harm, alleges only:

> By their policies and practices, actions and non-actions described herein, Defendants subject Plaintiffs to a substantial risk of serious harm by failing to protect them from violence, ignoring, by act or omission, emergency situations, and enabling violent attacks within prison walls. These policies and practices, actions and non-actions, have been and continue to be implemented by Defendants personally and their agents, officials, employees, and all persons acting in concert with them under color of state law, and are the cause of Plaintiffs' ongoing deprivation of rights secured by the United States Constitution under the Eighth and Fourteenth Amendments and federal law.
>
> Defendants have been and are aware of all of the deprivations complained of herein and have condoned, created, maintained, allowed or been deliberately indifferent to such conduct.

Doc. #17 at 30 (paragraph numbering omitted). And Count Two, a claim based on "Environmental Conditions," alleges:

> By their policies and practices, actions and non-actions described herein, Defendants subject Plaintiffs to a substantial risk of serious harm and injury from dangerous environmental conditions, including, but not limited to, vermin, exposure to black mold and other toxic substances that endanger health, sewage, filthy cells and fixtures, inability to shower, lack of electricity, sewage backup, unsafe food, broken plumbing, leaking roofs and exposed wiring. These policies and practices, actions and non-actions, have been and continue to be implemented by Defendants personally and their agents, officials, employees, and all persons acting in concert with them under color of state law, and are the cause of Plaintiff's ongoing deprivation of rights secured by the United States Constitution under the Eighth and Fourteenth Amendments and federal law.
>
> Defendants have been and are aware of all of the deprivations complained of herein and have condoned, created, maintained, allowed or been deliberately indifferent to such conduct.

*Id*. at 30–31 (paragraph numbering omitted).

Given these pleading deficiencies, to analyze the merits of the plaintiffs' claims, the Court would need to sift through the thirty pages of allegations to determine which factual allegations

support which claims, a "quite onerous"[6] task made even more so by the fact that the plaintiffs did not file a timely response to the motion to dismiss. Because the Court declines to undertake this herculean effort, the second amended complaint will be dismissed and the plaintiffs allowed the opportunity to remedy their pleading deficiencies.[7] *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (district court properly dismissed the complaint because "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy [Rule 8].") . Having reached this conclusion, the Court need not address the defendants' remaining merits arguments. *See Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14-CV-132, 2015 WL 4041657, at *6 (N.D. Miss. July 1, 2015) (collecting cases).

### III
### Conclusion

The defendants' motion to dismiss [45] is **GRANTED in Part, DENIED in Part, and DENIED as moot in Part**. The motion is DENIED to the extent it seeks dismissal of the complaint for lack of jurisdiction. The motion is GRANTED to the extent it seeks dismissal of the second amended complaint as a shotgun pleading. The motion is DENIED as moot in all other respects. The second amended complaint is **DISMISSED without prejudice**. Within fourteen (14) days of the entry of this order, the plaintiffs may file another amended complaint to address the pleading deficiencies.

**SO ORDERED**, this 2nd day of March, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

[7] Although not necessarily relevant to the shotgun pleading analysis, the Court notes that the second amended complaint is replete with conclusory and vague allegations regarding many of the defendants. The plaintiffs would be wise to also address these deficiencies in a future pleading.