IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANDREW ALEXANDER, et al.　　　　　　　　　　　　　　　　PLAINTIFFS

VS.　　　　　　　　　　　　　CIVIL ACTION NO. 4:20-CV-21-DMB-JMV

PELICIA E. HALL, et al.　　　　　　　　　　　　　　　　DEFENDANTS

## DEFENDANTS' MOTION TO DISMISS

COME NOW, Defendants, Pelicia E. Hall, Tommy Taylor, Jeworski Mallett, Gloria Perry, Brenda S. Cox, Timothy Morris, Lee Simon, Marylen Sturdivant, Wendell Banks, Verlena Flagg, Jewel Morris, Leather Williams, Earnest King, Laquitta Meeks, Stanley Flagg, Claude Lee, Peggy Lathan, Olivia Westmoreland, Caren Webb, Terry Haywood, and Audrey Fields, all in their individual capacities, by and through counsel and submit their Motion to Dismiss Plaintiffs' Fifth Amended Complaint pursuant to Fed. R. Civ. P. 12, and would show unto the Court, as follows:

1.　　　In its Order[1] dismissing Plaintiff's Second Amended Complaint as a shotgun pleading, this Court declined to undertake the Herculean effort of sifting through Plaintiffs' pleading in order to determine which factual allegations support which of their claims. Order [70] at 7 (CM/ECF Pagination). Instead, the Court

---

[1] Subsequent to the Court dismissing the Second Amended Complaint as a shotgun pleading, Plaintiffs sought and obtained from the Clerk an Entry of Default against Marshal Turner. Mot. for Entry of Def. [73]; Clerk's Entry of Default [74]. The holding by the Court that Plaintiffs' complaint was due to be dismissed presumably applied equally to all defendants, including Turner. *Ducksworth v. City of Laurel*, No. 2:10CV177-KS-MTP, 2012 WL 1345356, at *2 (S.D. Miss. Apr. 5, 2012), *report and recommendation adopted*, No. 2:10CV177-KS-MTP, 2012 WL 1344269 (S.D. Miss. Apr. 18, 2012), and *report and recommendation adopted,* No. 2:10CV177-KS-MTP, 2012 WL 1391783 (S.D. Miss. Apr. 20, 2012) n. 7 (S.D.Miss. Apr. 5, 2012) (collecting cases).

allowed Plaintiffs to file another amended complaint to address the deficiencies of their pleading, which had been pointed out by Defendants in their Motion to Dismiss and the Court in its Order. *Id.* Additionally, the Court specifically encouraged Plaintiffs to use the opportunity to amend to address the fact that their complaint was replete with conclusory and vague allegations. *Id.* at FN 7.

2. Plaintiffs have now filed their Fifth Amended Complaint in this matter. Fifth Amd. Compl. [75], FN 1. Plaintiffs consolidated their previously pled failure to protect ([17] at 30, Count I) and conditions of confinement ([17] at 30-21, Count II) claims into a single Count ([75] at 16-38, Count I) and added a Section 1985 conspiracy claim in Count II ([75] at 38-43, Count II). Notably, Plaintiffs did not use the opportunity to amend to address the conclusory and vague allegations previously presented in the Second Amended Complaint. It appears Plaintiffs interpreted the Court's suggestion regarding conclusory and vague allegations[2] as one being directed at form rather than substance. That is to say, Plaintiffs moved the allegations under each Defendants' name from the "Parties" section of the Second Amended Complaint to "Count I" of the Fifth Amended Complaint, all while dropping all allegations as to

---

[2] Plaintiffs liberally cite to various internet news sources in an effort to fortify their deficient factual allegations against each particular Defendant in the Fifth Amended Complaint. See, [75], footnotes 2, 3, 5, 6, 9, 11, 13, 14, 18, 19, and 20. To the extent Plaintiffs hope the Court will simply take judicial notice of any "facts" contained in the news reports, Defendants object to such consideration by the Court as none of the "facts" contained in these reports are adjudicative of Plaintiffs' claims, and the "facts" are not "generally known" in the Court's jurisdiction, or would be subject to reasonable dispute as they cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Shepard v. Cleveland Sch. Dist.,* No. 4:17-CV-91-DMB-JMV, 2019 WL 4418530, at *4 (N.D. Miss. Sept. 16, 2019).

Gloria Perry. For the reasons discussed below, in their supporting memorandum, and as outlined in their previous Motion to Dismiss, Plaintiffs' Fifth Amended Complaint is due to be dismissed.

3. As more fully discussed in their supporting memorandum of authorities, Plaintiffs' suit is due to be dismissed as they have failed to establish Article III standing, failed to state a claim under Sections 1983 and 1985, failed to make sufficient allegations to overcome qualified immunity, and failed to allege a physical injury as required by the Prion Litigation Reform Act. As such, Defendants' are entitled to a dismissal of all claims against them.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court grant their Motion to Dismiss and enter an order dismissing the all claims against them. Defendants further pray for such other general relief that this Court deems appropriate.

DATE: MARCH 30, 2021

> PELICIA E. HALL, TOMMY TAYLOR,
> JEWORSKI MALLETT,
> GLORIA PERRY, BRENDA S. COX,
> TIMOTHY MORRIS, LEE SIMON,
> MARYLEN STURDIVANT,
> WENDELL BANKS, VERLENA FLAGG,
> JEWEL MORRIS, LEATHER WIILLIAMS,
> EARNEST KING, LAQUITTA MEEKS,
> STANLEY FLAGG, CLAUDE LEE,
> PEGGY LATHAN,
> OLIVIA WESTMORELAND,
> CAREN WEBB, TERRY HAYWOOD,
> AUDREY FIELDS, all in their individual capacities, *Defendants*

        LYNN FITCH
Attorney General of Mississippi

*/s/ J. Chadwick Williams*
Special Assistant Attorney General
Mississippi Bar No. 102158
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3523
E-mail: chad.williams@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This, the 30th day of March 2021.

        */s/ J. Chadwick Williams*