## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**ANDREW ALEXANDER, et al.**                                            **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 4:20-CV-21-SA-JMV**

**PELICIA HALL, et al.**                                                **DEFENDANTS**

---

## AGREED PROTECTIVE ORDER

---

The Court enters this Agreed Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to limit the disclosure, dissemination, and use of information designated by a party as confidential. For good cause shown, the Court enters the following Protective Order to govern discovery in this case:

1.    <u>Purpose</u>. Given the nature of the claims and defenses raised in this action and the disposition of Plaintiffs as prisoners and Defendants as among those operating correctional facilities, discovery is likely to involve the production of confidential information and documents that implicate security, safety, and privacy concerns and/or confidential, proprietary, and/or non-public, competitive information, the public disclosure of which would cause substantial and possibly irreparable harm to the parties and potential nonparties.

2.    <u>Designation of Confidential Information</u>. This Agreed Protective Order shall govern all documents, materials, and information produced and designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by the parties in this action or by any nonparty required to produce documents in this litigation, subject to subpoena or otherwise (collectively, a "Producing Party"). As used in this Order, the term "documents" includes, (a) documents, exhibits, responses to discovery requests (including initial disclosures, answers to interrogatories, responses to

requests for production of documents, and responses to requests for admissions), deposition

testimony and transcriptions (including exhibits), and all written, recorded, graphic or

electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies,

notes, abstracts or summaries of such information, and the information itself; and (c) any

pleading, affidavit, declaration, brief, motion, transcript, including exhibits to any of these, or

other writing containing such information.

      3.    <u>Categories of Information Designated "Confidential"</u>. The following documents

and all information derived from such documents may be designated "Confidential":

      (a)    Any and all documents that implicate safety and security concerns, including, but not limited to, inmate affirmations, maps reflecting the premises and units of the Mississippi State Penitentiary ("MSP"), plans showing the layout of units at MSP, housing histories, transfer records, documents that include identities of correctional officers or other employees of the Mississippi Department of Corrections ("MDOC"), documents identifying the location or description of prison facilities, photographs, alleged gang activities at MSP, security measures in place at MSP, or any other information that may compromise the safety of Plaintiffs, Defendants, and/or any other persons working or living at MSP or other correctional facilities;

      (b)    Any and all documents that implicate privacy concerns for either party, including, but not limited to, inmate medical records, social security numbers, housing histories, sentencing orders and records, timesheets, classification records, incident reports, and release certificates; and

      (c)    Any and all documents that contain or constitute non-public business, commercial, pricing, financial, tax, research, development, technology, business planning, technical, or other proprietary, confidential, or business information.

However, "Confidential Information" does not include any information that the receiving party

can establish is in the public domain at the time of disclosure. Documents that are unintentionally

produced without a "Confidential" or "Confidential - Attorneys' Eyes Only" designation but are

subsequently or retroactively designated as "Confidential" or "Confidential - Attorneys' Eyes

Only" pursuant to paragraph 6 herein shall be treated as having been "Confidential" or

"Confidential - Attorneys' Eyes Only" from the first time they were produced or otherwise disclosed.

4. _Categories of Information Designated "Confidential – Attorneys' Eyes Only"._ Documents and information derived from such documents shall be designated "Confidential – Attorneys' Eyes Only" if they include confidential information that the Producing Party reasonably and in good faith believes is so highly sensitive that its disclosure directly implicates security or safety concerns of the Producing Party or if they include confidential information that the Producing Party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in competitive or commercial disadvantage to the Producing Party.

5. _Document Labeling._ If a document is designated "Confidential" or "Confidential – Attorneys' Eyes Only," each page of the document containing confidential information shall be clearly marked "Confidential" or "Confidential – Attorneys' Eyes Only" at the time the document is produced or disclosed, or if produced or disclosed prior to the entry of this Agreed Protective Order, within 30 days after the entry of this Agreed Protective Order. The markings shall not obstruct any information contained on the page on which they are stamped. If the document is produced in native format, the image placeholder shall be clearly marked "Confidential" or "Confidential – Attorneys' Eyes Only" or the filename shall include "Confidential" or "Confidential – Attorneys' Eyes Only." Portions of testimony may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" by noting it on the record at the time of testimony, or by designating portions of the transcript within 15 days after the transcript is made available for review and correction. All information disclosed during a deposition shall be deemed "Confidential" except testimony referencing alleged gang activities, smuggling, or active misconduct by corrections officers, which shall be deemed "Confidential – Attorneys' Eyes Only," unless otherwise agreed

3

upon by the parties, until 15 days after the transcript is made available for review and correction, whether or not any portion of the transcript was so designated during the deposition, and thereafter shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only," as applicable, if so designated. Unless protected by attorney work product or a privilege recognized by law, all documents produced, notwithstanding their designation as "Confidential" or "Confidential – Attorneys' Eyes Only," shall be produced in their un-redacted form, inclusive of names and other identifying information. For discovery responses, the responding party must clearly mark each response it believes is subject to this Agreed Protective Order with "Confidential" or "Confidential – Attorneys' Eyes Only."

6.      Designation Safe Harbor. Inadvertent failure to designate any document or material as containing "Confidential" or "Confidential – Attorneys' Eyes Only" information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order. In the event that a party inadvertently fails to mark a document or information as "Confidential" or "Confidential – Attorneys' Eyes Only" at the time of production, such party shall be allowed to correct such error by giving notice of the error to the Receiving Party as described herein. A Producing Party who inadvertently fails to designate information as confidential at the time of production shall be entitled to correct its failure by providing written notice of its intent to the parties to whom production was made, who shall take reasonable steps to conform to this Order and to return or destroy any documents or other materials that were inadvertently produced in error without being designated as confidential.

7.      Limited Use of Confidential Information. Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used or disclosed by the receiving party solely for the purpose of this action pursuant to the terms of this Order, shall not

be used or disclosed by the receiving party for any other purpose, shall not be used or disclosed by the receiving party in any other litigation or proceeding, and shall not be disclosed by the receiving party to any other person or third party *other than* as set forth below. Counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, must be treated in accordance with this Agreed Protective Order.

      (a)    *Parties.* Information designated "Confidential" may be disclosed to the parties to the above-styled action or officers, directors, members, agents, and/or employees of parties to this action who have a legitimate need, in conjunction with the management of this litigation, to see such information and who have agreed to be bound by this Agreed Protective Order. If a party seeks to share information designated "Confidential – Attorneys' Eyes Only" with any such persons, they must obtain written consent from opposing counsel specifying the information that may be shared and any limitations on that sharing or redactions needed before sharing is permitted (e.g., omitting the identity of the person whose testimony or response is being disclosed). If the parties are unable to reach an agreement and one of the parties wishes to challenge the alleged confidential designation for the document, then the parties will follow the procedures set forth in Section 13 below. If necessary, the parties should also follow the procedures outlined in L.U. Civ. R. 79 for filing a motion to seal a document. Nothing in this Order shall be construed as a prior directive to allow any document to be filed under seal. The parties understand that documents may be filed under seal only upon order of the Court.

      (b)    *Counsel.* Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" may be disclosed to attorneys for the parties and their employees and outside support services and vendors involved in the prosecution or defense of this case;

(c) *Witnesses or Prospective Witnesses.* Except as otherwise set forth under the terms of sub-paragraph (d) below, information designated "Confidential" may be disclosed to any fact witness or prospective fact witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition; and subject to the restrictions set forth in this Agreed Protective Order. If a party seeks to share information designated "Confidential – Attorneys' Eyes Only" with any such fact witnesses, they must obtain written consent from opposing counsel specifying the information that may be shared and any limitations on that sharing or redactions needed before sharing is permitted (e.g., omitting the identity of the person whose testimony or response is being disclosed). If the parties are unable to reach an agreement and one of the parties wishes to challenge the alleged confidential designation for the document, then the parties will follow the procedures set forth in Section 13 below. If necessary, the parties should also follow the procedures outlined in L.U. Civ. R. 79 for filing a motion to seal a document. Nothing in this Order shall be construed as a prior directive to allow any document to be filed under seal. The parties understand that documents may be filed under seal only upon order of the Court.

(d) *Outside Experts.* All confidential information, including material designated "Confidential – Attorneys' Eyes Only," may be disclosed to any expert who is not an officer, director, member, employee, or independent contractor of the parties, but only for purposes of consulting, forming an opinion, and testifying in this matter, and only subject to the restrictions set forth in this Amended Protective Order. Paragraph (d) includes personnel employed by anyone providing a receiving party with document litigation support, graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation, provided that such personnel are not an officer, director, or employee of the receiving party.

6

(e) *Court and Court Personnel.* All information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" may be disclosed to the Court in this litigation, and any members of its staff to whom it is necessary to disclose "Confidential" Litigation Materials for the purpose of assisting the Court in this litigation. Paragraph (e) includes stenographers, court reporters, recorders, and videographers recording or transcribing testimony relating to this litigation, including through depositions.

(f) *Mediator.* All information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" may be disclosed to any mediator assigned to hear this matter and their staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

(g) *Mock Jurors.* All information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" may be disclosed to mock jurors who have agreed to be bound by this Agreed Protective Order and have been screened for connections with any Named Party, gang affiliations, or connections with any person who worked at or was incarcerated at MSP after January 1, 2016.

8. <u>Medical Records</u>. Defendants and/or their designee/s including, without limitation, MDOC, Centurion of Mississippi, LLC ("Centurion") and VitalCore Health Strategies, LLC ("VitalCore"), are authorized to provide to Plaintiffs' counsel copies of each of the named Plaintiff's medical records, including, without limitation, all protected health information ("PHI") and individually identifying health information ("IIHI"). Persons other than Plaintiffs or their counsel obtaining access to unredacted documents containing PHI or IIHI under this Order shall use the information only for purposes of the instant litigation specified by the style above (including appeals and retrials), and shall not use such information for any other

purpose. This Order constitutes a "qualified protective order" pursuant to the Privacy Rule, 45 C.F.R. § 164.512(e)(v), promulgated under the Health Insurance Portability and Accountability Act ("HIPAA"). Nothing in this order, however, prevents the named Plaintiffs from utilizing their own medical records for their own benefit, including without limitation, their own health.

9.     <u>Filing that Contains Confidential Information</u>. If a party seeks to file with the Court any document or information designated "Confidential" or "Confidential - Attorneys' Eyes Only," that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure by either (i) filing a redacted document, but only if the party who designated the document or information as "Confidential" or "Confidential - Attorneys' Eyes Only" provides written consent to filing the redacted document; or if the parties cannot agree on a redaction (ii) filing a motion seeking permission to file the document under seal pursuant to L.U. Civ. R. 79, at which point, the burden is on the party which designated the document or information as "Confidential" or "Confidential - Attorneys' Eyes Only" to file material, including a memorandum, to support the motion to seal. The designating party shall have five (5) days from the filing of the motion to seal to file a non-confidential memorandum and proposed order pursuant to L. U. Civ. R. 79(e)(3). If the designating party fails to do so, the party filing the motion to seal will notify the Court that the motion to seal has been withdrawn; the documents or information shall no longer be treated as sealed; and the documents or information at issue shall be publicly filed. Nothing in this Order shall be construed as a prior directive to allow any document to be filed under seal. The parties understand that documents may be filed under seal only upon order of the Court.

10.     <u>Use of Own Confidential Information</u>. Nothing in this Agreed Protective Order shall prevent a Producing Party from any use of its own confidential information.

11. <u>No Waiver for Inadvertent or Unintentional Disclosure of Confidential Information</u>. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of any Producing Party's claim of confidentiality, either as to the specific confidential information disclosed or as to other related information. In the event that confidential information is disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to counsel of record for the designating party and to counsel of record for the Producing Party (if different), and shall describe the circumstances surrounding the unauthorized disclosure.

12. <u>No Attorney-Client Product or Attorney Product Doctrine Waiver for Inadvertent or Unintentional Disclosure</u>. Counsel shall exert their best efforts to identify materials protected by the attorney-client privilege or work product doctrine before the disclosure of any such materials or information. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no party shall be held to have waived any rights thereunder by inadvertent production. If a Producing Party asserts that such materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such material are returned promptly to the producing party. The parties may thereafter contest such claims of privilege or work product as if the materials had not been produced but shall not assert that a waiver occurred as a result of the production.

13. <u>Challenging Designation of Confidential Information</u>. This Agreed Protective Order is without prejudice to and does not impair the right or ability of the parties to assert that

any document or information designated "Confidential" or "Confidential – Attorneys' Eyes Only" should not be treated as confidential under it. At any time, a party may challenge in writing another party's designation of a document, information, or any portion thereof, as "Confidential" or "Confidential – Attorneys' Eyes Only." This written challenge must include the relevant factual and legal basis for the challenge. If within ten (10) days of such written challenge the Producing Party does nothing or retracts the "Confidential" or "Confidential – Attorneys' Eyes Only" designation, the document or information shall no longer be treated as "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, under the terms of this Agreed Protective Order. If the Producing Party wishes to defend its designation of the document or information as "Confidential" and/or "Confidential Attorneys' Eyes Only," it shall, within ten (10) days of such written challenge, provide a written response to the party challenging the designation articulating the legal and factual reasons it believes that the document or information meets the requirements for designation as "Confidential" or "Confidential – Attorneys' Eyes Only" under the Agreed Protective Order. Thereafter, the Parties shall confer (either via telephone, email, or in person) about the matter. If the Parties are unable to reach an agreement within ten (10) days of the written response, the Party seeking to maintain the "Confidential" or "Confidential – Attorneys' Eyes Only" designation must schedule a call with the Magistrate Judge. If the Parties are unable to reach an agreement and the dispute remains unresolved after consultation with the Magistrate Judge, the Party seeking to maintain the "Confidential" or "Confidential – Attorneys' Eyes Only" designation must file a motion for protective order concerning the document or information at issue within ten (10) days of the conference with the Magistrate Judge, with the burden of production and risk of non-persuasion resting on the party or person who asserts or maintains that confidential status is warranted. Any document or

information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as so designated pending further order of the Court.

14.     <u>Admissibility at Trial or Hearing</u>. All objections as to the admissibility into evidence of the documents produced subject to this Agreed Protective Order are reserved until trial or an applicable hearing. The use of confidential materials as evidence at trial or a hearing shall be handled as determined by the District Judge. The parties shall address any such issues with the District Judge at the Pretrial Conference or other appropriate time. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present confidential information at a hearing or trial must bring that issue to the attention of the Court and the other parties. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

15.     <u>Discovery</u>. Nothing in this Order shall constitute: (a) any agreement to produce in discovery any testimony, document or other information or (b) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation.

16.     <u>Disclosure Per Subpoena</u>. In the event a party or a lawyer for a party receives a subpoena issued in another lawsuit for documents or other materials that were produced in this lawsuit and designated confidential by a party other than itself, the subpoenaed party shall not produce such documents or other materials unless required by a court. The subpoenaed party shall notify the Producing Party in sufficient time to allow the Producing Party to take lawful action to protect any confidential information from disclosure.

17.    Meet and Confer Requirement. Before seeking relief from the Court due to an alleged violation of this Amended Protective Order, the party seeking relief will first attempt to resolve the matter by agreement with the other party, and if the dispute is not resolved, the parties will request a conference with the Magistrate Judge to discuss the dispute. Only after the conference with the Magistrate Judge may a party seek formal relief from the Court.

18.    Final Disposition. Upon final disposition of this litigation and the request of the Producing Party, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of documents or information designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall, within 30 days, be returned to the Producing Party, be destroyed, or be disposed of as may be mutually agreeable among the applicable parties. Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, any pleading transcript (for each deposition, hearing and trial), written discovery responses, expert reports, and attorney work product, regardless of whether it contained confidential information, provided that counsel continues to treat all such information in the manner provided in this Order. Notwithstanding the provisions of this paragraph, inaccessible copies of confidential or proprietary material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed.

19.    Modification. The terms of this Agreed Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

20.    This Order survives the termination of this lawsuit, and this Court retains jurisdiction over this action in the event the Order must be enforced.

**DONE** and **ORDERED** this 21st day of January, 2022.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

**AGREED:**

**Counsel for Plaintiffs**:

/s/ Paul Matouka
Paul Matouka (MI State Bar #P84874)*
1647 W. Big Beaver Rd.
Troy, MI 48084
T: (248) 327-6556
E: notifications@oliverlawgroup.com
Counsel for Plaintiffs
*Admitted *pro hac vice*

/s/Arthur Calderón
Arthur Calderón (MSB #103917)
CALDERÓN LAW
Attorneys for Plaintiffs
103 S Court St #101
Cleveland, MS 38732
T: (662) 594-2439
E:  arthur@msdeltalaw.com

**Counsel for Defendants**:

/s/ Cody C. Bailey
Cody C. Bailey, MSB No. 103718
One of the Attorneys for Defendants

OF COUNSEL:

J. Chadwick Williams (MSB #102158)
chad.williams@ago.ms.gov
Special Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601)359-3523
Facsimile: (601) 359-2003

William Trey Jones, III (MSB #99185)
tjones@brunini.com
Karen E. Howell (MSB #102243)
khowell@brunini.com
Cody C. Bailey (MSB #103718)
cbailey@brunini.com
Jacob A. Bradley (MSB #105541)
jbradley@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

*Attorneys for Defendants*