IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ANDREW ALEXANDER, et al.**                                                                  **PLAINTIFFS**

**v.**                                             **CIVIL ACTION NO. 4:20-CV-21-SA-JMV**

**PELICIA HALL, et al.**                                                                   **DEFENDANTS**

**ORDER**

Before the court is the Plaintiff's Motion for Leave to Effectuate Late Service on Defendant Marshal Turner ("Defendant Turner"), which was filed on January 12, 2022 [115]. No response was filed by Defendant Turner. For the reasons detailed below, the Court finds that the motion should be granted. The Plaintiff shall have ten (10) days from the date of this order to serve Defendant Turner.

**Facts and Procedural History**

In the Plaintiffs' motion and memorandum in support [116], Plaintiffs state that they recently discovered that Defendant Turner was mistakenly not served with a summons and complaint after Plaintiffs filed their Fifth Amended Complaint and Jury Demand ("Amended Complaint") [75].

A review of the docket reveals that a summons was initially issued to Defendant Turner on April 8, 2020 [16]. The Clerk's Office issued a notice of incomplete process as to Defendant Turner on July 8, 2020 [47]. On August 10, 2020, the Clerk's Office again issued a notice of incomplete process as to Defendant Turner [59]. On August 12, 2020, Plaintiffs filed a motion for extension of time to serve Defendant Turner. A day later, on August 13, 2020, the undersigned entered a text order granting Plaintiffs' motion and allowing Plaintiffs sixty (60) days to effect service upon Defendant Turner.

The docket reveals Defendant Turner was served on October 9, 2020 [72]. Plaintiffs moved for default against Defendant Turner, and the clerk entered default against him on March 15, 2021 [74].

However, as the District Judge found in her November 2, 2021, order [87], there was no operative complaint at the time the default against Defendant Turner was entered since the Fifth Amended Complaint had not yet been filed, and the Fourth Amended Complaint had been dismissed as a shotgun pleading. *See* [70]. Therefore, the District Judge set the default against Defendant Turner aside [87]. Nonetheless, Defendant Turner has never appeared in the action.

## Law and Analysis

Federal Rule of Civil Procedure 4(m) provides that, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Fifth Circuit has held that "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

Here, Plaintiffs admit that Marshal Turner should have been served within ninety (90) days of the filing of their Fifth Amended Complaint, or by June 14, 2021. Plaintiffs also admit that they lack good cause for failing to do so. However, the record reveals that this Court dismissed the new claims alleged against Defendant Turner in Plaintiffs' Fifth Amended Complaint. [87] (dismissing Plaintiffs' 42 U.S.C. § 1985 claims). Thus, the new claims in Plaintiffs' Fifth Amended Complaint are no longer live. These facts weigh in favor of allowing Plaintiff additional time to effectuate late service upon Defendant Turner.

2

In the interests of justice and judicial economy, this Court will exercise its discretion and order the Plaintiffs to serve Defendant Marshal Turner within ten (10) days from the date of this Order.

## Conclusion

Having considered the matter, the court will exercise its discretion and grant the motion. *See* FED. R. CIV. P. 4(m); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Plaintiff shall have ten (10) days from the date of this order to serve Defendant Marshal Turner.

**SO ORDERED** this, the 8th day of February, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**