IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ANDREW ALEXANDER, ET AL.**      **PLAINTIFFS**

**VS.**      **CIVIL ACTION NO.: 4:20-cv-21-SA-JMV**

**PELICIA E. HALL, ET AL.**      **DEFENDANTS**

## ORDER STAYING CASE

This matter is before the Court upon the motion [131] of the Defendants to stay this case pending a ruling on their Motion [127] to Dismiss Plaintiff's Fifth Amended Complaint Against Marshal Turner and to Partially Vacate Prior Order [87] Under Rule 54. The Court ordered expedited briefing, and the motion is now fully briefed. The Court, having considered the motion and the briefs, is prepared to rule. For the reasons stated in detail below, this Court finds that the motion [131] to stay shall be granted.

## Procedural History

This case was filed on February 10, 2020 [1]. On November 2, 2021, this Court entered an order setting aside entry of default and granting in part and denying in part Defendants' motion to dismiss [87]. The stay that had been imposed since July 21, 2020, was then lifted [88], and a case management conference was held on December 3, 2021. Following the conference, a case management order (class certification scheduling order) [100] was entered. On December 17, 2021, Defendants filed an answer [104] to the Amended Complaint [75].

On January 12, 2022, Plaintiffs filed a motion for leave to effectuate late service upon Defendant Marshal Turner [115]. On February 8, 2022, this Court entered an order [122] granting the motion and giving Plaintiffs ten (10) days to serve Defendant Marshal Turner. According to the proof of service, Defendant Turner was served on February 11, 2022 [124]. Then, on March 4,

2022, Defendants filed a motion to dismiss [127] Plaintiffs' Fifth Amended Complaint against Defendant Marshal Turner on immunity grounds and to partially vacate this Court's prior order [87] under Rule 54.

Defendants then filed a motion to stay [131] pursuant to Local Uniform Civil Rule 16(b)(3)(B), seeking a stay of all discovery against all Defendants pending a ruling on the motion to dismiss and vacate [127]. Plaintiffs responded in opposition ([136] and [137]), arguing that under the local stay rule, the Court should only stay discovery as to Defendant Marshal Turner. Defendants replied [138] on March 16, 2022.

The parties have stipulated that discovery should be stayed as to Defendant Marshal Turner. The question before the Court is whether discovery should be stayed as to the "other Defendants," including Wendell Banks, Brenda S. Cox, Audrey Fields, Stanley Flagg, Verlena Flagg, Pelicia E. Hall, Terry Haywood, Earnest King, Peggy Lathan, Claude Lee, Jeworski Mallett, Laquitta Meeks, Jewel Morris, Timothy Morris, Gloria Perry, Lee Simon, Marylen Sturdivant, Tommy Taylor, Caren Webb, Olivia Westmoreland, and Leather Williams.

## Law and Analysis

The right to a stay is effectuated by Local Uniform Civil Rule 16(b)(3)(B), which provides:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

L.U. Civ. R. 16(b)(3)(B). Further, the Fifth Circuit has held that "The district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the

2

case are determined.'" *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

The undersigned is not persuaded by the other Defendants' argument that all discovery should be stayed due to their pending Motion to Vacate this Court's Prior Order [87]. Furthermore, the Court recognizes Plaintiffs' desire to propel the action forward through discovery in light of prior extended stay of this case. Nonetheless, Marshal Turner, who was not served by the Plaintiffs until February 11, 2022, has filed an immunity motion, and the undersigned finds that in order to promote judicial efficiency and effectively manage the docket of this proposed class action, discovery should be stayed as to the other Defendants while Defendant Marshal Turner's immunity motion is pending.

Other courts in this circuit have recognized that "piecemeal discovery requested by Plaintiffs is inefficient, and could conceivably result in duplicative depositions and written discovery." *Skinner v. Ard*, 2020 WL 2245179, at *5 (M.D. La. May 7, 2020). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Another concern is that even if discovery is stayed as to Defendant Turner, he would be compelled to participate in the depositions of the other defendants and/or fact witnesses if they are taken while Defendant Turner's motion to dismiss asserting qualified immunity is pending, which would be contrary to the protections afforded public officials by qualified immunity. *See Imani v. City of Baton Rouge*, 2018 WL 2208221, at *6 (M.D. La. May 14, 2018); *see also Wilson v. Sharp*, 2017 WL 4685002, at *2 (M.D. La. Oct. 18, 2017).

The *Imani* court succinctly addressed the issues that arise with piecemeal discovery in finding that:

3

> As to Plaintiffs' assertion that a stay of discovery should only apply to the EBRSO Defendants, the Supreme Court has explained that the basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery. It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Imani*, 2018 WL 2208221, at *6 (M.D. La. May 14, 2018) (citations omitted).

The Court recognizes that some courts in the Fifth Circuit have allowed written discovery to proceed against non-immune defendants during the pendency of an immunity motion. *See Davis v. Matagorda Cty.*, 2019 WL 1924532, at *3 (S.D. Tex. Apr. 30, 2019). However, this Court has previously found it proper to stay all discovery in accordance with the local rule, even when an immunity motion is asserted on behalf of fewer than all defendants in a multi-defendant case. *See Jones v. Tyson Foods, Inc.*, 4:10–CV–00011–GHD–JMV, 971 F. Supp. 2d 648 (N.D. Miss. 2013).

## Conclusion

After weighing the competing interests of the parties, the Court exercises its inherent discretion to stay discovery. **IT IS THEREFORE ORDERED** that the motion to stay [131] is granted, and all proceedings herein, excluding discovery relating to qualified immunity, are hereby **STAYED.** Defendants shall notify the undersigned magistrate judge within seven (7) days of a decision on Defendant Marshal Turner's immunity motion and shall submit a proposed order lifting the stay.

**SO ORDERED**, this the 23rd day of March, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**