**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANDREW ALEXANDER, et al.,**
**on behalf of themselves and all others similarly situated**                    **PLAINTIFFS**

**VS.**                    **CIVIL ACTION NO. 4:20-CV-21-DMB-JMV**

**PELICIA E. HALL, et al.**                    **DEFENDANTS**

---

### MARSHAL TURNER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIFTH AMENDED COMPLAINT AND JURY DEMAND [DOC. 75]

---

Defendant Marshal Turner, in his individual capacity as former Superintendent of the Mississippi State Penitentiary and by and through undersigned counsel, files this Answer and Affirmative Defenses to Plaintiffs' Fifth Amended Complaint and Jury Demand [Doc. 75].

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs fail to state a claim against Turner or any other of the Defendants upon which relief may be granted, and, therefore, Plaintiffs' complaint should be dismissed.

### SECOND DEFENSE

Plaintiffs have not pleaded and cannot submit evidence to show sufficient facts to establish Article III standing. Plaintiffs have not pleaded and cannot show sufficient facts to establish that each of them has suffered an actual, concrete, and particularized injury, that such injury is directly traceable to the actions or inactions of Turner or any other Defendant, and that such injury is redressable by a favorable decision of this Court.

**THIRD DEFENSE**

Plaintiffs lack standing to assert claims individually or as class representatives on behalf of any class of allegedly similarly-situated persons.

**FOURTH DEFENSE**

Plaintiffs fail to state facts against Turner which would rise to a level of constitutional or statutory deprivation of any individual Plaintiff or group of Plaintiffs, and, therefore, Plaintiffs cannot state a claim under 42 U.S.C. § 1983. Specifically, Plaintiffs have not sufficiently pleaded any action or inaction by any individual Defendant, including Turner, that would rise to a level of a constitutional or statutory deprivation of any individual Plaintiff or group of Plaintiffs; Plaintiffs have not sufficiently pleaded an action or inaction by any Defendant, including Turner, that resulted in a serious harm or risk of harm to any Plaintiff or group of Plaintiffs; and Plaintiffs have not sufficiently pleaded that any Defendant, including Turner, committed such action or inaction with the requisite state of mind to render any Defendant liable for any money damages in their individual capacities, including Defendant Turner. Moreover, Plaintiffs cannot prove that each Defendant, including Turner, engaged in the alleged conduct depriving each of the Plaintiffs of their constitutional rights.

**FIFTH DEFENSE**

Plaintiffs have not sufficiently pleaded a deprivation of a single human need but instead attempted to plead that the "overall conditions" at the Mississippi State Penitentiary at Parchman ("MSP") "taken as a whole" are sufficient to establish a constitutional violation and individual liability of the Defendants, including Turner. *See, e.g.*, [Doc. 75] at 84. Plaintiffs' "overall conditions" theory is foreclosed by established Supreme Court precedent. *Dockery v. Cain*, 7 F.4th 375, 378 (5th Cir. 2021) (quoting *Wilson v. Seiter*, 501 U.S. 294, 305 (1991)).

**SIXTH DEFENSE**

Plaintiffs failed to sufficiently allege and cannot show that Turner was personally involved in any alleged violation of any Plaintiff's or group of Plaintiffs' constitutional rights.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred as an improper attempt to hold Turner liable for the acts of others under a theory of *respondeat superior. See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

**EIGHTH DEFENSE**

Plaintiffs allege that their claims and alleged injuries are a direct and proximate result of allegedly inadequate funding of MSP. Turner has no authority with respect to funding of MSP. Such authority is vested solely in the Mississippi Legislature, whose members are not parties to this action. Turner cannot be held liable for alleged injuries proximately caused by allegedly inadequate funding.

**NINTH DEFENSE**

Turner asserts that, to the extent Plaintiffs challenge any of the Mississippi Department of Corrections' ("MDOC") policies and procedures with respect to the administration of MSP, those policies and procedures were not prepared or issued by Turner in his individual capacity, and Turner may not be held liable for such policies and procedures, all of which are reasonably related to legitimate penological interests. Plaintiffs further have failed to allege and cannot show that Turner, individually, violated or failed to implement any of MDOC's policies or procedures.

**TENTH DEFENSE**

Turner asserts all available defenses related to the doctrine that any judicial intervention into Turner's actions or inactions, policies, and practices with respect to the administration of MSP

must be tempered by the recognition that prison officials are in the best position to operate the prison or penal system. *See, e.g.*, *Rhodes v. Chapman*, 452 U.S. 337, 351 (1981).

## ELEVENTH DEFENSE

Turner is entitled to all privileges and immunities extended to governmental entities and officials under federal and state law, including qualified immunity.

## TWELFTH DEFENSE

Turner is entitled to qualified immunity as to the claims asserted against him in his individual capacity. Turner asserts that Plaintiffs' complaint fails to allege Turner's violation of a clearly established constitutional right and that, at all times, Turner's conduct was objectively reasonable.

## THIRTEENTH DEFENSE

Turner asserts all available defenses under the Prison Litigation Reform Act ("PLRA").

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred by 42 U.S.C. § 1997e(a) because Plaintiffs have failed to exhaust available administrative remedies under the PLRA.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by 28 U.S.C. § 1915 because Plaintiffs (or any one of them) has on three or more occasions brought an action that was dismissed by a court on the basis that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted.

## SIXTEENTH DEFENSE

Plaintiffs' claims are frivolous, malicious, fail to state a claim upon which the Court may grant relief, and/or seek monetary relief from a Defendant or Defendants who are immune from

such relief, and, therefore, Plaintiffs' complaint is subject to dismissal pursuant to 28 U.S.C. § 1997e(c)(1) and (2).

## SEVENTEENTH DEFENSE

Plaintiffs' claims for compensatory damages are barred by 42 U.S.C. § 1997e(e). Plaintiffs have failed to plead and cannot show that they have suffered any actual physical injury. *See also* [Doc. 146] at 10.

## EIGHTEENTH DEFENSE

Plaintiffs have not stated a claim upon which relief may be granted for attorneys' fees or legal expenses. Plaintiffs cannot prove the facts necessary under applicable law to substantiate an award for attorneys' fees or legal expenses against Turner, and, therefore, Turner affirmatively denies that he may be liable for attorneys' fees or any other legal expenses.

## NINETEENTH DEFENSE

Plaintiffs' claims for attorneys' fees are barred and/or any attorneys' fees awarded to Plaintiffs' and their counsel should limited by 42 U.S.C. § 1997e(d) and other applicable law.

## TWENTIETH DEFENSE

Any of Plaintiffs' alleged injuries or damages, if any, are the result of Plaintiffs' or others' conduct and not the conduct of Turner. If Plaintiffs suffered or sustained any loss, injury, damage, or deprivation, the same was directly and proximately caused and contributed to by the breaching conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of Plaintiffs or others, and not of Turner.

### TWENTY-FIRST DEFENSE

Turner undertook no action or inaction that deprived any Plaintiff of a single and identifiable human need, and, therefore, Turner cannot be rendered liable for any alleged constitutional deprivation, harm, or injury to any Plaintiff.

### TWENTY-SECOND DEFENSE

Turner did not subjectively know of and/or consciously disregard any significant and unreasonable risk of harm to Plaintiffs, causing injury to Plaintiffs.

### TWENTY-THIRD DEFENSE

Turner denies that he failed to perform any duty required by law.

### TWENTY-FOURTH DEFENSE

Turner did not expose Plaintiffs to cruel and unusual punishment.

### TWENTY-FIFTH DEFENSE

In its November 2, 2021 and March 22, 2023 Orders, this Court dismissed all Plaintiffs' claims for compensatory damages on the basis that Plaintiffs "fail[ed] to allege that they have suffered any physical injury because of the defendants' conduct." [Doc. 87] at 13–14; [Doc. 146] at 10. Pursuant to those Orders and applicable law, Plaintiffs' claims for compensatory damages are barred.

### TWENTY-SIXTH DEFENSE

No Plaintiff suffered any actual, individualized, concrete, and particularized injury in fact sufficient to confer Article III standing.

### TWENTY-SEVENTH DEFENSE

Any injury allegedly suffered by any Plaintiff was not proximately caused by the action or inaction of Turner.

### TWENTY-EIGHTH DEFENSE

Plaintiffs have failed to plead a proper class action, and Plaintiffs cannot satisfy their evidentiary burden to show that this action is amenable to class certification. Turner pleads all available defenses under Rule 23 of the Federal Rules of Civil Procedure and other applicable law.

### TWENTY-NINTH DEFENSE

Plaintiffs did not plead and cannot show that the class suggested in their complaint is so numerous that joinder of all members would be impracticable under Rule 23(a)(1).

### THIRTIETH DEFENSE

Plaintiffs did not plead and cannot show that there are a sufficient number and quality of common questions of law or fact to satisfy the commonality requirement of Rule 23(a)(2).

### THIRTY-FIRST DEFENSE

Plaintiffs did not plead and cannot show that their claims are typical of the members of the class suggested in their complaint and, therefore, cannot satisfy the typicality requirement of Rule 23(a)(3).

### THIRTY-SECOND DEFENSE

Plaintiffs did not plead and cannot show that the named Plaintiffs and their counsel will fairly and adequately represent the class as required by Rule 23(a)(4).

### THIRTY-THIRD DEFENSE

Plaintiffs cannot satisfy any of the requirements for class certification in Rule 23(b). The types of classes specified in Rule 23(b)(1) and 23(b)(2) are not applicable to this action. Under Rule 23(b)(3), any common questions of law or fact applicable to the proposed class do not predominate over individualized issues, and a class action is not the superior method of adjudicating any controversies that may be asserted by individual inmates such as these.

## THIRTY-FOURTH DEFENSE

The class proposed by Plaintiffs in their complaint is not sufficiently defined or definite and, therefore, any class action certification or relief based on the class pleaded would not be proper.

## THIRTY-FIFTH DEFENSE

Plaintiffs' complaint fails to state a claim against Turner upon which relief may be granted for punitive damages. Plaintiffs cannot prove the facts necessary under applicable law to substantiate an award of punitive damages for Plaintiffs against Turner, and Turner affirmatively denies that he is liable to Plaintiffs for punitive damages.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims for punitive damages against Turner are barred and/or limited by:

(a)     the Eighth Amendment to the United States Constitution;

(b)     the Fifth and Fourteenth Amendments to the United States Constitution prohibiting substantive and procedural due process violations;

(c)     the Fourteenth Amendment to the United States Constitution guaranteeing equal protection under the laws;

(d)     the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and Sections 14, 17, 26, and 28 of the Mississippi Constitution to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt;

(e)     the provisions of Section 11-1-65 of the Mississippi Code; and

(f)     the holdings of United States Supreme Court, including the holdings in *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424

(2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); and their progenies.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred by the applicable statute(s) of limitations.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

## FORTIETH DEFENSE

Plaintiffs' complaint is barred as a duplicative action under the doctrine preventing improper claim splitting.

## FORTY-FIRST DEFENSE

Plaintiffs' claim for damages are barred or should be reduced by Plaintiffs' (or any one of their) failure to mitigate any such damages.

## FORTY-SECOND DEFENSE

Plaintiffs failed to plead any claims for special damages with specificity.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred by the defense of unclean hands and the doctrine of equitable estoppel.

## FORTY-FOURTH DEFENSE

As discovery has not been completed in this matter, Turner affirmatively pleads all defenses available under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, including but not limited to arbitration and award, assumption of risk, contributory negligence, duress,

estoppel, fraud, illegality, injury by fellow servant, license, payment, release, waiver, and any other matter constituting an avoidance or affirmative defense.

## FORTY-FIFTH DEFENSE

Turner reserves the right to assert, and hereby give notice that he intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend this Answer to assert such defenses.

## ANSWER

Subject to and without waiving any affirmative defenses stated herein, Defendant Marshal Turner answers the specific allegations of Plaintiffs' complaint, paragraph by paragraph, each of the following numbered and unnumbered paragraphs corresponding thereto. All allegations not expressly admitted are denied. Turner's admissions are confined to the exact language in this Answer, and to the extent any response in this Answer varies from the wording of the allegations of Plaintiffs' complaint, those allegations are denied. Turner hereby denies all allegations and inferences contained in the headings and subheadings used in the complaint. Turner answers as follows:

## INTRODUCTION

1.      The allegations in paragraph 1 are not directed to Turner and do not require a response from Turner. To the extent a response is required, Turner denies that Plaintiffs have asserted a proper class action for money damages. Turner denies that all Plaintiffs are currently "confined at [MSP]" and further denies that all Plaintiffs were "confined at [MSP]" on the date the complaint was filed. Turner admits that those Defendants listed in paragraph 1 were included in Plaintiffs' complaint, but Turner denies that Plaintiffs suffered any constitutional deprivation due

to the actions or inactions of Turner and denies that Plaintiffs are entitled to the relief requested or any relief whatsoever. Turner denies all allegations not expressly admitted.

2.     The allegations in paragraph 2 are not directed to Turner and do not require a response from Turner. Paragraph 2 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and Turner affirmatively states that he does not have authority to fund MSP. To the extent a response is required, Turner denies that he has failed to fund, staff, and maintain MSP. Turner further denies that his actions or inactions resulted in any constitutional violation with respect to Plaintiffs and denies that Plaintiffs are currently being confined in conditions that pose serious and imminent dangers to their safety and well-being. Turner denies all allegations not expressly admitted.

3.     The allegations in paragraph 3 are not directed to Turner and do not require a response from Turner. Paragraph 3 does not allege any action or inaction of Turner with respect to a particular Plaintiff. To the extent a response to paragraph 3 is required, Turner denies that his actions and inactions have caused any shortage of correctional officers at MSP. Turner denies that his actions and inactions created and enabled an environment in which inmates at MSP are particularly susceptible to violence, gang influence, and prolonged states of anarchy. Turner denies all allegations not expressly admitted.

4.     The allegations in paragraph 4 are not directed to Turner and do not require a response from Turner. Paragraph 4 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and Turner affirmatively states that his actions and inactions have not caused any alleged crises or any shortage of correctional officers at MSP. To the extent a response is required, Turner denies all allegations in paragraph 4.

5. The allegations in paragraph 5 are not directed to Turner and do not require a response from Turner. Paragraph 5 does not allege any action or inaction Turner with respect to a particular Plaintiff or inmate, paragraph 5 does not allege that the actions or inactions of Turner caused any inmate deaths or escapes at MSP, and the allegations in paragraph 5 pertain to inmates not named as Plaintiffs in this action. To the extent a response is required, Turner admits that some inmates have escaped temporarily from MSP and some inmates have died at MSP since January 1, 2020. Turner denies that the internet sources attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies all allegations and assertions in those internet sources. Turner denies all allegations not expressly admitted.

6. The allegations in paragraph 6 are not directed to Turner and do not require a response from Turner. Paragraph 6 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and Turner affirmatively states that he does not have authority to fund MSP. Moreover, the internet sources incorporated into paragraph 6 pertain to medical care of inmates, and Plaintiffs have not asserted in this action any claims related to allegedly unconstitutional medical care from Turner or otherwise. To the extent a response is required, Turner denies that MSP is not equipped to manage crises. Turner denies that the internet sources attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies all allegations and assertions in those internet sources. Turner denies all allegations not expressly admitted.

7. The allegations in paragraph 7 are not directed to Turner and do not require a response from Turner. Paragraph 7 does not allege any action or inaction of Turner with respect to a particular Plaintiff, Turner does not have authority to fund MSP, and Plaintiffs do not allege that they experienced the conditions alleged in paragraph 7. To the extent a response to paragraph 7 is

required, Turner denies that the Plaintiffs or other inmates are routinely denied access to basic amenities. Turner denies that the internet sources attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies all allegations and assertions in those internet sources. Turner lacks sufficient information to admit or deny the authenticity of or circumstances surrounding the videos referenced in paragraph 7, and, therefore, Turner denies the same. All allegations not expressly admitted are denied.

8.     The allegations in paragraph 8 are not directed to Turner and do not require a response from Turner. Paragraph 8 does not allege any action or inaction of Turner with respect to a particular Plaintiff, Turner does not have authority with respect to funding of MSP, and Plaintiffs do not allege that they experienced the conditions alleged in paragraph 8. To the extent a response to paragraph 8 is required, Turner denies that he failed to adhere to any applicable policies or customs. Turner states that Plaintiffs have not sufficiently or specifically alleged what "complaints [were] made" or that any such complaints were made by Plaintiffs and have not sufficiently alleged which, if any, "policies and/or customs" that Turner failed to enforce and that "would have alleviated the complaints made." Therefore, Turner denies all allegations in paragraph 8.

9.     The allegations in paragraph 9 are not directed to Turner and do not require a response from Turner. Paragraph 9 does not allege any action or inaction of Turner with respect to a particular Plaintiff, Plaintiffs do not allege (in this paragraph or otherwise) any specific "behavior" by Turner that "violates prisoner's [or any Plaintiffs'] civil rights," Turner does not have authority to fund MSP, and Plaintiffs do not allege that they experienced the conditions alleged in paragraph 9. To the extent a response to paragraph 9 is required, Turner denies that "deplorable living conditions" exist at MSP and denies that any such conditions are a result of Turner's "behavior." Turner denies that he has violated any of Plaintiffs' civil rights. Turner lacks

sufficient information to admit or deny that Mississippi has dramatically reduced its funding of prisons, and, therefore, Turner denies those allegations. Turner denies that any alleged shortage in correctional officers is a result of his actions or inactions. Turner denies that he has affirmatively taken actions and inactions "to create an even more violative environment." Turner denies all allegations not expressly admitted.

10.     The allegations in paragraph 10 are not directed to Turner and do not require a response from Turner. Paragraph 10 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and Turner does not have authority to fund MSP or the Mississippi prison system. To the extent a response to paragraph 10 is required, Turner denies any allegations in that paragraph.

11.     The allegations in paragraph 11 are not directed to Turner and do not require a response from Turner. Paragraph 11 does not allege any action or inaction of Turner with respect to a particular Plaintiff, Turner does not have authority to fund MSP or the Mississippi prison system, and Plaintiffs do not allege that they experienced the conditions alleged in paragraph 11. To the extent a response to paragraph 11 is required, Turner denies all allegations against him.

12.     The allegations in paragraph 12 are not directed to Turner and do not require a response from Turner. Paragraph 12 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and the figures and citations identified by Plaintiffs are from 2019 and are not current. To the extent a response to paragraph 12 is required, Turner denies the allegations.

13.     The allegations in paragraph 13 are not directed to Turner and do not require a response from Turner. Paragraph 13 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and the allegations in paragraph 13 do not pertain to Plaintiffs, Turner or any other Defendant, MSP, or Mississippi. To the extent a response to paragraph 13 is required,

Turner denies the allegations and further denies that he contributed to any alleged staffing deficiency. Turner denies that the internet sources attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies all allegations and assertions in those internet sources. All allegations not expressly admitted are denied.

14. The allegations in paragraph 14 are not directed to Turner and do not require a response from Turner. Paragraph 14 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and Turner lacks authority with respect to funding. To the extent a response to paragraph 14 is required, Turner denies that he is responsible for any alleged damages that were allegedly caused by salaries for correctional staff. Turner denies that the internet sources attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies all allegations and assertions in those internet sources. Turner denies all allegations in paragraph 14 not expressly admitted.

15. The allegations in paragraph 15 are not directed to Turner and do not require a response from Turner. Paragraph 15 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and Turner lacks authority with respect to funding. Moreover, the internet source attached to paragraph 15 relates to spending on healthcare on a per-inmate basis, and Plaintiffs assert no claim related to allegedly inadequate healthcare in this action. To the extent a response to paragraph 15 is required, Turner denies that he is responsible for any alleged damages that were allegedly caused by funding or spending. Turner denies that the internet sources attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies all allegations and assertions in those internet sources. Turner denies the remaining allegations in paragraph 15.

16.     The allegations in paragraph 16 are not directed to Turner and do not require a response from Turner. Paragraph 16 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and Turner lacks authority with respect to funding. To the extent a response to paragraph 16 is required, Turner denies that he is responsible for any alleged damages that were allegedly caused by a lack of funding. Turner denies that the internet sources attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies all allegations and assertions in those internet sources. Turner denies the existence of "mounting issues." Turner denies the remaining allegations in paragraph 16.

17.     The allegations in the first and third sentences of paragraph 17 are legal conclusions to which no response is required; to the extent a response is required, Turner denies those allegations to the extent they are inconsistent with applicable law. Turner denies the allegations in the second sentence of paragraph 17. With respect to the allegations in the fourth sentence regarding the conditions at MSP "taken as a whole," that is also a legal conclusion to which no response is required; to the extent a response is required, Turner denies those allegations to the extent inconsistent with applicable law, and Turner specifically denies that conditions at a state prison may be "evaluated together" to establish a constitutional violation.[1] The remaining allegations in paragraph 17 are not directed to Turner and do not require a response from Turner. Paragraph 17 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and paragraph 17 does not allege that Plaintiffs have experienced the conditions complained of in that paragraph or that Turner caused such condition or violated a Plaintiff's civil rights. Turner

---

[1] As the Fifth Circuit has recently held, the argument that "conditions at [a prison] should [be] evaluated together [is] foreclosed by" Supreme Court precedent. *Dockery v. Cain*, 7 F.4th 375, 378 (5th Cir. 2021) (quoting *Wilson v. Seiter*, 501 U.S. 294, 305 (1991)). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.*

denies that all Plaintiffs are currently housed at MSP and denies that the conditions at MSP are inhumane or unconstitutional. Turner denies that conditions may be evaluated as a whole to establish a constitutional violation or cause of action. Turner denies the remaining allegations in paragraph 17.

18.     The allegations in paragraph 18 are not directed to Turner and do not require a response from Turner. To the extent a response is required, Turner denies that Plaintiffs are entitled to the relief requested or any relief whatsoever, whether on Plaintiffs' own behalf or on behalf of others similarly situated.

## **PARTIES**

### **Plaintiffs**

19.     The allegations in paragraph 19 are not directed to Turner and do not require a response from Turner. The list of Plaintiffs who filed this action speaks for itself, and paragraph 19 does not allege any action or inaction of Turner with respect to a particular Plaintiff. To the extent a response is required, Turner denies all allegations in paragraph 19.

### **Defendants**

20.     Turner admits that Pelicia E. Hall is a former Commissioner of the MDOC and affirmatively states that she resigned that position in January 2020. Otherwise, denied.

21.     Turner denies that Tommy Taylor is the Interim Commissioner of MDOC. Turner acknowledges that Tommy Taylor was formerly Interim Commissioner of MDOC.

22.     Turner denies that he is the Superintendent of MSP.

23.     Turner admits that Jeworski Mallett has been serving as the Acting Deputy Commissioner for Institutions of MDOC since January 15, 2020.

24.    Turner denies that Brenda S. Cox is the Chief Security Officer and a Warden at MSP.

25.    Turner denies that Timothy Morris is the Warden of Area I at MSP.

26.    Turner denies that Lee Simon is the Deputy Warden of Area I at MSP.

27.    Turner denies that Marylen Sturdivant is the Associate Warden of Area I at MSP.

28.    Turner denies that Wendell Banks is the Warden of Area II at MSP.

29.    Turner denies that Verlena Flagg is the Deputy Warden of Area II at MSP.

30.    Turner denies that Jewel Morris is the Associate Warden of Area II at MSP.

31.    Turner denies that Leather Williams is the person in charge of the K9 Dog unit at MSP.

32.    Turner denies that Earnest King is a Correctional Officer at MSP.

33.    Turner denies that Laquitta Meeks is a Correctional Officer at MSP.

34.    Turner admits that Stanley Flagg is a Correctional Officer at MSP. Turner affirmatively states that Stanley Flagg is a K-9 Officer.

35.    Turner denies that Claude Lee is a Correctional Officer at MSP.

36.    Turner denies that Peggy Lathan is a Correctional Officer at MSP.

37.    Turner admits, upon information and belief, that Olivia Westmoreland is a Correctional Officer at MSP.

38.    Turner admits, upon information and belief, that Caren Webb is a Correctional Officer at MSP.

39.    Turner admits, upon information and belief, that Terry Haywood is a Correctional Officer at MSP.

40.     Turner admits, upon information and belief, that Audrey Fields is a Caseworker at MSP.

41.     The allegations in paragraph 41 are not directed to Turner and do not require a response from Turner. To the extent a response is required, Turner lacks sufficient information to admit or deny the allegations in paragraph 41 and, therefore, denies those allegations.

## JURISDICTION AND VENUE

42.     The allegations in paragraph 42 attempt to state legal conclusions to which no response is required of Turner. To the extent a response is required, Turner denies the allegations in paragraph 42 to the extent they are inconsistent with applicable law. Turner denies that this Court has jurisdiction on the basis that Plaintiffs lack Article III standing.

43.     The allegations in paragraph 43 attempt to state legal conclusions to which no response is required of Turner. To the extent a response is required, Turner denies the allegations in paragraph 43 to the extent they are inconsistent with applicable law, Turner denies that the amount in controversy exceeds $5 million, and Turner denies that Plaintiffs have asserted a proper class action.

44.     The allegations in paragraph 44 attempt to state legal conclusions to which no response is required of Turner. To the extent a response is required, Turner admits that venue is proper in this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied. Turner lacks sufficient information to either admit or deny the allegation that certain declarations exist, and, therefore, Turner denies those allegations.

50.     Some of the allegations in paragraph 50 attempt to state legal conclusions to which no response is required of Turner. To the extent a response is required, Turner denies those legal assertions to the extent they are inconsistent with applicable law. Turner denies the remaining allegations in paragraph 50.

## CLASS ACTION ALLEGATIONS

51.     The allegations in paragraph 51 are not directed to Turner and do not require a response from Turner. To the extent a response to paragraph 51 is required, Turner denies that Plaintiffs are entitled to the relief requested or any relief whatsoever, whether on Plaintiffs' own behalf or on behalf of those who have been, are currently, or will be confined at MSP. Turner denies that Plaintiffs have asserted a proper class action. All allegations not expressly admitted are denied.

52.     The allegations in paragraph 52 are not directed to Turner and do not require a response from Turner. To the extent a response to paragraph 52 is required, Turner denies that the class specified in paragraph 52 is a proper and/or properly-defined class. All allegations not expressly admitted are denied.

53.     Turner denies the allegation in the first sentence of paragraph 53. The allegations in the second and third sentences of paragraph 53 are not directed to Turner or attempt to state legal conclusions and, therefore, do not require a response from Turner. To the extent a response is required, Turner denies that Plaintiffs have asserted a proper class action. All allegations not expressly admitted are denied.

54.     The allegations in paragraph 54 are not directed to Turner and attempt to state legal conclusions and, therefore, do not require a response from Turner. To the extent a response is required, Turner denies the allegations in paragraph 54, denies that Plaintiffs have asserted a proper class action, denies that the questions asserted in paragraph 54 are common questions of law and fact that are dispositive of Plaintiffs' claims against the individual Defendants, and denies that Plaintiffs have satisfied or can satisfy the commonality requirement of Rule 23(a) of the Federal Rules of Civil Procedure. All allegations not expressly admitted are denied.

55.     The allegations in paragraph 55 are not directed to Turner and attempt to state legal conclusions and, therefore, do not require a response from Turner. To the extent a response is required, Turner denies the allegations in paragraph 55, denies that Plaintiffs have asserted a proper class action, denies Plaintiffs' complaint sufficiently alleges actions and non-actions of individual Defendants that entitle Plaintiffs to any relief, and denies that Plaintiffs have satisfied or can satisfy the typicality requirement of Rule 23(a) of the Federal Rules of Civil Procedure. All allegations not expressly admitted are denied.

56.     The allegations in paragraph 56 are not directed to Turner and attempt to state legal conclusions and, therefore, do not require a response from Turner. To the extent a response is required, Turner denies the allegations in paragraph 56, denies that Plaintiffs have asserted a proper class action, and denies that Plaintiffs are adequate class representatives that have interests that are co-extensive with all inmates that fall within the definition of the putative class action as Plaintiffs have defined it. Turner lacks sufficient information to admit or deny whether Plaintiffs' "Putative Class Counsel" possess the experience and resources necessary to fairly and adequately represent the class, and, therefore, Turner denies those allegations. All allegations not expressly admitted are denied.

57.     The allegations in paragraph 57 are not directed to Turner and attempt to state legal conclusions and, therefore, do not require a response from Turner. To the extent a response is required, Turner denies all allegations in paragraph 57.

58.     The allegations in paragraph 58 are not directed to Turner and attempt to state legal conclusions and, therefore, do not require a response from Turner. To the extent a response is required, Turner denies all allegations in paragraph 58.

59.     The allegations in paragraph 59 are not directed to Turner and attempt to state legal conclusions and, therefore, do not require a response from Turner. To the extent a response is required, Turner denies all allegations in paragraph 59.

## COUNT ONE

**42 U.S.C. § 1983: Eighth and Fourteenth Amendments of the United States Constitution**

60.     The allegations that Defendants are "persons" under Section 1983 and acted under color of state law are attempts to state legal conclusions to which no response is required of Turner. To the extent a response is required, those allegations are denied to the extent inconsistent with applicable law. Turner denies the remaining allegations in paragraph 60.

61.     The allegations in paragraph 61 are not directed to Turner and do not require a response from Turner. Paragraph 61 does not allege any action or inaction of Turner with respect to a particular Plaintiff, and Turner lacks authority with respect to funding. To the extent a response is required, Turner denies that his actions caused or contributed to any alleged "staffing crisis" and denies that any such "staffing crisis" persisted. Turner denies that any alleged "staffing crises" caused damages to the Plaintiffs. Turner denies that the internet sources quoted and attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies

all allegations and assertions in those internet sources. All allegations not expressly admitted are denied.

62.     The allegations in paragraph 62 are not directed to Turner and do not require a response from Turner. Paragraph 62 does not allege any action or inaction of Turner with respect to a particular Plaintiff or group of Plaintiffs. To the extent a response to paragraph 62 is required, Turner denies that the condition of kitchen facilities at MSP are as represented in paragraph 62. Turner states that any report of the Mississippi Department of Health ("MSDH") in June 2019 speaks for itself. Turner lacks sufficient information to admit or deny any assertions in the MSDH report referenced in paragraph 62, and, therefore, Turner denies those assertions. Turner further denies that any alleged inadequacies with respect to kitchen facility conditions were the result of his individual actions or inactions. All allegations not expressly admitted are denied.

63.     The allegations in paragraph 63 are not directed to Turner and do not require a response from Turner. Paragraph 63 does not allege any action or inaction of Turner with respect to a particular Plaintiff or group of Plaintiffs. To the extent a response to paragraph 63 is required, Turner denies that the conditions at MSP are as represented in paragraph 63. Turner states that any report of any MSDH inspection speaks for itself. Turner lacks sufficient information to admit or deny any assertions in the MSDH report referenced in paragraph 63, and, therefore, Turner denies those assertions. Turner further denies that any alleged inadequacies with respect to the conditions at MSP referenced in paragraph 63 were the result of his individual actions or inactions. All allegations not expressly admitted are denied.

64.     The allegations in paragraph 64 are not directed to Turner and do not require a response from Turner. Turner lacks authority with respect to funding, any shortage in staffing and/or funding was not the result of the actions or inactions of Turner, and paragraph 64 does not

allege any action or inaction of Turner that caused an alleged injury to a particular Plaintiff. To the extent a response to paragraph 64 is required, Turner denies that Heather Burton is the "MDOC Coroner." Turner denies that the internet sources attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies all allegations and assertions in those internet sources. Turner denies that there was on February 20, 2021, when Plaintiffs' complaint was filed, or there is currently, an "uprising" unfolding at MSP. Turner denies that there had been "four uprisings throughout 2019." All allegations not expressly admitted are denied.

65.     The allegations in paragraph 65 are not directed to Turner and do not require a response from Turner. Paragraph 65 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff or group of Plaintiffs, and paragraph 65 does not allege that any Plaintiffs were not permitted to shower for weeks. To the extent a response is required, Turner denies that his actions or omissions resulted in any damages to Plaintiffs. Turner affirmatively states that in December 2019 and January 2020, some shower privileges were suspended for short periods of time as part of security measures designed to ensure the safety of inmates and to facilitate investigations of inmate violence, but, even during those times, inmates were offered showers. Turner denies the allegations in paragraph 65 regarding inmates not being permitted to shower for weeks. All allegations not expressly admitted are denied.

66.     The allegations in paragraph 66 are not directed to Turner and do not require a response from Turner. Paragraph 66 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff or group of Plaintiffs. To the extent a response to paragraph 66 is required, Turner denies the allegations in that paragraph.

67.     The allegations in paragraph 67 are not directed to Turner and do not require a response from Turner. Paragraph 67 does not allege any action or inaction of Turner that resulted

in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 67 is required, Turner denies that his actions or omissions caused the alleged deaths and escapes at MSP. Turner denies that the internet sources attached to Plaintiffs' complaint may be properly considered by the Court as evidence or otherwise and denies all allegations and assertions in those internet sources. Turner admits that some inmates have died at MSP and escaped temporarily from MSP. Turner denies (and Plaintiffs do not allege) that Plaintiffs have suffered any injury as a result of such deaths and escapes, and Turner denies that his individual actions or inactions caused such deaths or escapes. All allegations not expressly admitted are denied.

68.     The allegations in paragraph 68 are not directed to Turner and do not require a response from Turner. Paragraph 68 does not allege any action or inaction of Turner that resulted in any alleged harm to any particular Plaintiff. To the extent a response to paragraph 68 is required, Turner denies that he has "neglected" MSP and denies that MSP is in a state of "squalor violence." All allegations not expressly admitted are denied.

69.     The allegations in paragraph 69 are not directed to Turner and do not require a response from Turner. Paragraph 69 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff, and paragraph 69 does not allege that any particular Plaintiff was housed in facilities that were unsafe for human habitation. To the extent a response to paragraph 69 is required, Turner denies that inmates are confined in premises that have been legally condemned. Turner states that in 2020 as a temporary measure to protect the safety of inmates from inmate-on-inmate violence some inmates that had previously been housed in Unit 29 were temporarily transferred to Unit 32, but Turner denies that the conditions in Unit 32 were unsafe for human habitation and denies that inmates' being housed there as a temporary safety measure amounted to a constitutional violation. All allegations not expressly admitted are denied.

70.    The allegations in paragraph 70 are not directed to Turner and do not require a response from Turner. Paragraph 70 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff, and Plaintiffs do not allege that any of them have been required to use the restroom in sinks or plastic bags or when or under what circumstances that occurred. To the extent a response to paragraph 70 is required, Turner admits that some toilets at MSP have, at times, been rendered out of order whether due to inmate tampering or otherwise. Turner denies that issues with toilet facilities are widespread at MSP or amount to any constitutional violation and denies that the actions or inactions of Turner caused such condition. Turner affirmatively states that the Defendants have undertaken extensive measures to prevent such issues and conditions. All allegations not expressly admitted are denied.

71.    The allegations in paragraph 71 are not directed to Turner and do not require a response from Turner. Paragraph 71 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff, and Plaintiffs do not allege that any of them have been exposed to rats and cockroaches or when or under what circumstances such exposure occurred. To the extent a response to paragraph 71 is required, Turner denies that vermin and insect issues at MSP are widespread or amount to a constitutional violation and denies that the actions or inactions of Turner caused such condition. Turner affirmatively states that the Defendants have undertaken extensive measures to prevent such issues and conditions. All allegations not expressly admitted are denied.

72.    The allegations in paragraph 72 are not directed to Turner and do not require a response from Turner. Paragraph 72 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff, and Plaintiffs do not allege that any of them have been exposed to sewage leaking from toilets or when or under what circumstances such exposure

occurred. To the extent a response to paragraph 72 is required, Turner admits that some toilets at MSP have, at times, been rendered out of order whether due to inmate tampering or otherwise. Turner denies that such toilet issues at MSP are widespread or amount to a constitutional violation and denies that the actions or inactions of Turner caused such condition. Turner affirmatively states that the Defendants have undertaken extensive measures to prevent such issues and conditions. All allegations not expressly admitted are denied.

73.     The allegations in paragraph 73 are not directed to Turner and do not require a response from Turner. Paragraph 73 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 73 is required, Turner denies those allegations and affirmatively states that all persons at MSP—whether inmates, MDOC staff, or correctional officers—drink the same water.

74.     The allegations in paragraph 74 are not directed to Turner and do not require a response from Turner. Paragraph 74 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 74 is required, Turner denies the allegations and specifically denies that any of his actions or omissions caused any roof leaks. Turner admits that from time to time in the past, roofs at MSP have leaked. Turner denies that leaking of roofs at MSP is widespread or has amounted to a constitutional violation and denies that the actions or inactions of Turner caused such condition. With respect to the allegations regarding mold, Turner is aware of no test, investigation, or study that has confirmed the existence of mold anywhere at MSP, and, therefore, denies those allegations. All allegations not expressly admitted are denied.

75.     The allegations in paragraph 75 are not directed to Turner and do not require a response from Turner. Paragraph 75 does not allege any action or inaction of Turner that resulted

in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 75 is required, Turner denies the allegations. Turner admits that temporary safety measures taken at MSP in the past to ensure the safety of inmates from inmate-on-inmate violence necessarily resulted in temporary interruptions of food-related schedules. But Turner denies that inmates were deprived of food and affirmatively states that, even during temporary safety measures, inmates were provided multiple meals per day. Turner denies that interruption in food schedules at MSP are widespread or amount to a constitutional violation and denies that the actions or inactions of Turner caused such alleged condition. All allegations not expressly admitted are denied.

76.     The allegations in paragraph 76 are not directed to Turner and do not require a response from Turner. Paragraph 76 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 76 is required, Turner denies the allegations. Turner denies that the food served to inmates is rotten or contains rocks, insects, bird droppings, or rat feces. All allegations not expressly admitted are denied.

77.     The allegations in paragraph 77 are not directed to Turner and do not require a response from Turner. Paragraph 77 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 77 is required, Turner denies the allegations in paragraph 77.

78.     The allegations in paragraph 78 are not directed to Turner and do not require a response from Turner. Paragraph 78 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 78 is required, Turner denies the allegations in paragraph 78.

79.     The allegations in paragraph 79 are not directed to Turner and do not require a response from Turner. Paragraph 79 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 79 is required, Turner denies the allegations in paragraph 79. Turner denies that any alleged shortages in officers are a result of his individual actions or inactions and denies that any such alleged shortages resulted in any injury to Plaintiffs. All allegations not expressly admitted are denied.

80.     The allegations in paragraph 80 are not directed to Turner and do not require a response from Turner. Paragraph 80 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 80 is required, Turner denies the allegations in paragraph 80. Turner states that MDOC policy dictates that if an officer is alone he or she should not enter a cell until other officers arrive. Turner denies that such a policy amounts to a constitutional violation or that any Plaintiff has suffered injury as a result of such policy. All allegations not expressly admitted are denied.

81.     The allegations in paragraph 81 are not directed to Turner and do not require a response from Turner. Paragraph 81 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 81 is required, Turner denies the allegations in paragraph 81 and denies he has caused or contributed to such alleged acts. All allegations not expressly admitted are denied.

82.     The allegations in paragraph 82 are not directed to Turner and do not require a response from Turner. Paragraph 82 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 81 is required, Turner denies those allegations.

83.     The allegations in paragraph 83 are not directed to Turner and do not require a response from Turner. Paragraph 83 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff, and Plaintiffs have not alleged that they have been subject to solitary confinement or the specific circumstances behind such confinement. To the extent a response to paragraph 83 is required, Turner denies those allegations.

84.     The allegations in paragraph 84 are not directed to Turner and do not require a response from Turner. Paragraph 84 does not allege any action or inaction of Turner that resulted in any alleged injury to any particular Plaintiff. To the extent a response to paragraph 84 is required, Turner denies that conditions at a state prison may be "evaluated together" to establish a constitutional violation. *See Dockery v. Cain*, 7 F.4th 374, 378 (5th Cir. 2021) (quoting *Wilson v. Seiter*, 501 U.S. 294, 305 (1991)). Turner denies all allegations in paragraph 84.

85.     The allegations in paragraph 85 are not directed to Turner and attempt to state legal conclusions, and, therefore, the allegations in paragraph 85 do not require a response from Turner. To the extent a response to paragraph 85 is required, Turner states that the legal authorities cited speak for themselves and denies the legal assertions to the extent inconsistent with Mississippi and other law. Turner lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 85 and therefore denies the same. All allegations not expressly admitted are denied.

86.     The allegations in paragraph 86 are not directed to Turner and attempt to state legal conclusions, and, therefore, the allegations in paragraph 86 do not require a response from Turner. To the extent a response to paragraph 86 is required, Turner states that the legal authorities cited speak for themselves and denies the legal assertions to the extent inconsistent with Mississippi and other law. Turner lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 86 and therefore denies the same. All allegations not expressly admitted are denied.

87.     Turner denies that he is the Superintendent of MSP. Turner admits that while Superintendent of MSP he had responsibilities with respect to operations at MSP, admits that he has inspected MSP, and admits that inmates at MSP complain on a regular basis. Turner denies that Plaintiffs have sufficiently or specifically alleged what, if anything, persons may have complained about or which, if any, of his specific actions or inactions persons may have complained about that are relevant to any particular Plaintiff or this action. Turner denies all other allegations in paragraph 87.

88.     The allegations in paragraph 88 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 88 is required, Turner admits that Defendant Mallett has some responsibility over the daily functioning and administration of all MDOC institutions. Turner denies that Defendants have engaged in actions that deprived Plaintiffs or others of their constitutional rights. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 88 and therefore denies the same. All allegations not expressly admitted are denied.

89.     The allegations in paragraph 89 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 89 is required, Turner denies that Defendant Cox is the Chief Security Officer and a Warden at MSP. Turner denies that Defendants have engaged in actions that deprived Plaintiffs or others of their constitutional rights. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 89 and therefore denies the same. All allegations not expressly admitted are denied.

90.     The allegations in paragraph 90 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 90 is required, Turner denies that Defendant Morris is the Warden of Area I at MSP. Turner denies that Defendants have

engaged in actions that deprived Plaintiffs or others of their constitutional rights. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 90 and therefore denies the same. All allegations not expressly admitted are denied.

91.     The allegations in paragraph 91 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 91 is required, Turner denies that Defendant Banks is the Warden of Area II at MSP. Turner denies that Defendants have engaged in actions that deprived Plaintiffs or others of their constitutional rights. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 91 and therefore denies the same. All allegations not expressly admitted are denied.

92.     The allegations in paragraph 92 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 92 is required, Turner denies that Defendant Williams is the person in charge of the K9 Dog unit at MSP. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 92 and therefore denies the same. All allegations not expressly admitted are denied.

93.     The allegations in paragraph 93 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 93 is required, Turner denies that Defendant Simon is the Deputy Warden of Area I at MSP. Turner denies that Defendants have engaged in actions that deprived Plaintiffs or others of their constitutional rights. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 93 and therefore denies the same. All allegations not expressly admitted are denied.

94.     The allegations in paragraph 94 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 94 is required, Turner denies that Defendant Sturdivant is the Associate Warden of Area I at MSP. Turner lacks sufficient

information to admit or deny the remaining allegations in paragraph 94 and therefore denies the same. All allegations not expressly admitted are denied.

95.     The allegations in paragraph 95 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 95 is required, Turner denies that Defendant Flagg is the Deputy Warden of Area II at MSP. Turner denies that Defendants have engaged in actions that deprived Plaintiffs or others of their constitutional rights. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 95 and therefore denies the same. All allegations not expressly admitted are denied.

96.     The allegations in paragraph 96 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 96 is required, Turner denies that Defendant Morris is Associate Warden of Area II at MSP. Turner denies that Defendants have engaged in actions that deprived Plaintiffs or others of their constitutional rights. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 96 and therefore denies the same. All allegations not expressly admitted are denied.

97.     The allegations in paragraph 97 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 97 is required, Turner denies that Defendant King is a Correctional Officer at MSP. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 97 and therefore denies the same. All allegations not expressly admitted are denied.

98.     The allegations in paragraph 98 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 98 is required, Turner denies that Defendant Meeks is a Correctional Officer at MSP. Turner lacks sufficient information to

admit or deny the remaining allegations in paragraph 98 and therefore denies the same. All allegations not expressly admitted are denied.

99.     The allegations in paragraph 99 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 99 is required, Turner admits, upon information and belief, that Stanley Flagg is a Correctional Officer at MSP. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 99 and therefore denies the same. All allegations not expressly admitted are denied.

100.     The allegations in paragraph 100 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 100 is required, Turner denies that Defendant Lee is a Correctional Officer at MSP. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 100 and therefore denies the same. All allegations not expressly admitted are denied.

101.     The allegations in paragraph 101 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 101 is required, Turner denies that Peggy Lathan is a Correctional Officer at MSP. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 101 and therefore denies the same. All allegations not expressly admitted are denied.

102.     The allegations in paragraph 102 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 102 is required, Turner admits, upon information and belief, that Defendant Westmoreland is a Correctional Officer at MSP. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 102 and therefore denies the same. All allegations not expressly admitted are denied.

103.    The allegations in paragraph 103 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 103 is required, Turner admits, upon information and belief, that Defendant Webb is a Correctional Officer at MSP. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 103 and therefore denies the same. All allegations not expressly admitted are denied.

104.    The allegations in paragraph 104 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 104 is required, Turner admits, upon information and belief, that Defendant Haywood is a Correctional Officer at MSP. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 104 and therefore denies the same. All allegations not expressly admitted are denied.

105.    The allegations in paragraph 105 are not directed to Turner and therefore do not require a response from Turner. To the extent a response to paragraph 105 is required, Turner admits, upon information and belief, that Defendant Fields is a Caseworker at MSP. Turner lacks sufficient information to admit or deny the remaining allegations in paragraph 105 and therefore denies the same. All allegations not expressly admitted are denied.

106.    The allegations in paragraph 106 are not directed to Turner and do not require a response from Turner. To the extent a response is required, Turner lacks sufficient information to admit or deny the allegations in paragraph 106 and therefore denies those allegations.

107.    The allegations in paragraph 107 are not directed to Turner and do not require a response from Turner. Paragraph 107 does not allege any specific action or inaction of Turner with respect to a particular Plaintiff, and Plaintiffs do not identify any specific policy or policies implemented by any Defendant, including Turner, that have affected a specific Plaintiff or group of Plaintiffs. To the extent a response to paragraph 107 is required, Turner denies those allegations.

108.     The allegations in paragraph 108 are not directed to Turner and do not require a response from Turner. Paragraph 108 does not allege any specific action or inaction of Turner with respect to a particular Plaintiff, and Plaintiffs have not alleged any specific "deprivation" suffered by any particular Plaintiff or group of Plaintiffs. To the extent a response to paragraph 108 is required, Turner denies those allegations.

109.     The allegations in paragraph 109 are not directed to Turner and do not require a response from Turner. Neither paragraph 109 nor any paragraph in the complaint alleges any specific action or inaction of Turner with respect to a particular Plaintiff or otherwise, and Plaintiffs have not alleged how any such action or inaction creates, maintains, allows and/or encourages the conditions complained of in Plaintiffs' complaint. To the extent a response to paragraph 109 is required, Turner denies those allegations.

110.     Denied.

111.     Denied.

112.     Denied.

## COUNT TWO

**42 U.S.C. § 1985: Conspiracy to Deprive Plaintiffs of Equal Protection of Laws**

113–129.     With respect to paragraphs 113 through 129, each of those paragraphs pertains to Count Two of Plaintiffs' complaint, which asserts alleged violations of 42 U.S.C. § 1985. In its November 2, 2021 and March 22, 2023 Orders, this Court dismissed such claims with prejudice. [Doc. 87] at 8–10, 13–14; [Doc. 146] at 10. Therefore, the allegations in paragraphs 113–129 do not require a response from Turner. To the extent a response is required, Turner denies all allegations contained within those paragraphs.

In response to the unnumbered paragraph and sub-paragraphs "a." through "f." on pages 42–43 of the complaint beginning "WHEREFORE," Turner denies all allegations contained within that paragraph and the subparagraphs, denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever from Turner, and with respect to each sub-paragraph states as follows:

a.      Turner denies that Plaintiffs have asserted a proper class action under Rule 23, denies that Plaintiffs should be appointed class representatives, denies that the Oliver Law Group and Calderon Law should be appointed class counsel, and respectfully requests that the Court deny any request by Plaintiffs to certify this action as a class action;

b.      Turner denies that any of his individual or collective acts, omissions, policies, and practices have resulted in any constitutional violations to any Plaintiff, denies that the actions or inactions of any of Turner's "agents" can render Turner liable in his individual capacity for the claims alleged in Plaintiffs' complaint, and respectfully requests that the Court adjudge and declare that Turner is not individually liable for any alleged constitutional violation;

c.      Turner denies the existence of any conspiracy to deprive Plaintiffs of equal protection of the laws;

d.      Turner denies that Plaintiffs are entitled to any compensatory damages, punitive damages, or any damages whatsoever from Turner and respectfully requests that the Court dismiss all such claims for damages with prejudice;

e.      Turner denies that Plaintiffs are entitled to costs, attorneys' fees, and litigation expenses or any relief whatsoever from Turner and respectfully requests that the Court dismiss all such claims with prejudice;

f.    Turner denies that Plaintiffs are entitled to the relief requested or any relief whatsoever, respectfully requests that all such requests be dismissed with prejudice, and respectfully requests such other and further relief as the Court deems just and proper.

Dated: April 5, 2023

Respectfully submitted,

**MARSHAL TURNER**

*/s/ Cody C. Bailey*
One of their Attorneys

OF COUNSEL:

LYNN FITCH
Attorney General of Mississippi

J. Chadwick Williams
Special Assistant Attorney General
Mississippi Bar No. 102158
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3523
E-mail: chad.williams@ago.ms.gov


BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
William Trey Jones, III (MSB #99185)
tjones@brunini.com
Karen E. Howell (MSB #102243)
khowell@brunini.com
Cody C. Bailey (MSB #103718)
cbailey@brunini.com
Jacob A. Bradley (MSB #105541)
jbradley@brunini.com
J. Breland Parker (MSB #106324)
bparker@brunini.com
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

## **CERTIFICATE OF SERVICE**

I, Cody C. Bailey, hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, which system provided notice to all counsel of record.

Dated:  April 5, 2023.

/s/ Cody C. Bailey
Cody C. Bailey, MSB #103718
One of the Attorneys for Marshal Turner