**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANDREW ALEXANDER, et al.,
on behalf of themselves and all
others similarly situated**                                                 **PLAINTIFFS**

**v.**                                                                     **Civil Action No. 4:20-cv-21-DMB-JMV**

**PELICIA E. HALL, et al.**                                                       **DEFENDANTS**

**ORDER DENYING CONSENT MOTION TO RESTRICT (BUT, ALTERNATIVELY,
*SUA SPONTE* ORDERING CLERK'S OFFICE TO SEAL FOR 30 DAYS)**

This matter is before the court on the Defendants' unopposed motion [Doc. 168] to seal from public view the expert report of Lenard Vare, which was submitted as Exhibit 1 to Defendants' motion to exclude the expert testimony and report of Lenard Vare. [Doc. 166-1]. For the reasons that follow, the motion is denied.

This is a putative class action in which 14 named Plaintiffs, all incarcerated or formerly incarcerated at the Mississippi State Penitentiary, seek money damage awards on behalf of themselves and several thousand potential class members from 21 current or former employees of the Mississippi Department of Corrections, all of whom are named as defendants in their individual capacities. [Doc. 75] at 2, ¶ 1.

On August 24, 2023, Plaintiffs disclosed Lenard Vare as a corrections expert under the class certification scheduling order. Along with that disclosure, Plaintiffs produced Vare's expert report. *See* [Doc. 166-1]. On December 26, 2023, Defendants filed a motion seeking to exclude from evidence Vare's testimony and report [Doc. 166] and attached Vare's report as an exhibit to the motion. [Doc. 166-1]. On January 3, 2024, Plaintiffs' counsel apparently emailed Defendants' counsel asserting that Defendants' filing an unsealed copy of Vare's report is a "potential

violation of [the] protective order [formerly entered in the action]." Plaintiffs' counsel asserted that the report "contains Plaintiffs' names and an extensive discussion of their testimony with citations to their depositions." Plaintiffs' counsel stated that the public filing of Vare's report creates a concern for the Plaintiffs' personal safety.

On January 3, 2024, Defendants filed, without an accompanying memo, the instant single page motion to seal [Doc. 168], stating that while they deny that the public filing of Vare's report was a violation of the protective order, they have no objection to sealing Vare's report based on Plaintiffs' stated safety concerns as set forth above and that "the safety concerns raised by Plaintiffs outweigh any interest the public may have in viewing Vare's expert report."

The Vare expert report is over 113 pages long and covers many and varied topics/ documents, including some that appear to already be in the public domain. But, in any event, the motion to seal the entirety of the report premised only on the assertion that the report "contains Plaintiffs' names and an extensive discussion of their testimony with citations to their depositions," and thus "creates a concern for the Plaintiffs' personal safety," does not remotely comply with the requirements of Local Civil Rule 79 or the settled law.

Local Civil Rule 79[1] and applicable case law in the Fifth Circuit govern the filing of documents under seal. As set forth by the Supreme Court, citizens have a common law right of

---

[1] Local Uniform Civil Rule 79 provides:

**Rule 79. SEALING OF COURT RECORDS**
**(a) Court Records Presumptively in Public Domain**. Except as otherwise provided by statute, rule, including FED. R. CIV. P. 5.2, or order, all pleadings and other materials filed with the court ("court records") become a part of the public record of the court.

**(b) Documents Filed with the Court**. Every document used by parties moving for or opposing an adjudication by the court, other than trial or hearing exhibits, must be filed with the court. No document may be filed under seal, except upon entry of an order of the court either acting sua sponte or specifically granting a request to seal that document. Any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. A statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents.

access to judicial records. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978). As such, the Fifth Circuit has a "working presumption … that judicial records should not be sealed." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). Decisions to seal are made on

---

**(c) Sealed Orders**. A judicial officer may seal a court order, including an order to seal documents and related findings, when sealing a court order meets the standard for sealing a document.

**(d) Stipulations, Confidentiality and Protective Orders Insufficient**. No document may be sealed merely by stipulation of the parties. A confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule. Any document filed under seal in the absence of a court order to seal may be unsealed without prior notice to the parties.

**(e) Procedure for Filing Documents Under Seal or Sealing a case.**
(1) A party submitting a document or portion of a document for filing under seal under a governing statute, rule, or order must note on the face of the document that it or a portion of it is filed under seal under that statute, rule, or order (specifying the statute(s), rule(s) or order(s) relied upon). The clerk will provide public notice by stating on the docket that the document contains sealed material.

(2) Any document not covered by section (e)(1) and filed with the intention of being sealed must be accompanied by a motion to seal. The clerk will provide public notice by docketing the motion in a way that discloses its nature as a motion to seal. The document and any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion. Any filing unaccompanied by a motion to seal will be treated as a public record.

(3) Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:
(A) A non-confidential description of what is to be sealed;
(B) A specific request that the document or case:
(1) Be sealed from any access by the public and the litigants' counsel;
(2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
(3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.
(C) A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice;
(D) References to governing case law; and
(E) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.
(F) The proposed order must recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

**(f) Duration of Sealing**. Court records filed under seal in civil actions will be maintained under seal until otherwise ordered by the court.

**(g) Non-Filed Documents**. Nothing in this Local Rule limits the ability of the parties, by agreement, to restrict access to documents which are not filed with the court.

"a case-by-case, document-by-document, line-by-line" basis and must be "congruent to the need." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419-20 (5th Cir. 2021).

The Local Civil Rules require "any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.U. Civ. R. 79(b); *see also Moore v. Unum Life Ins. Co. of America*, Civil Action No. 3:21-cv-253-SA-JMV, 2022 WL 1372007, at *1 (N.D. Miss. May 3, 2022). Among other specific requirements necessary to obtain an order to seal a document or portion thereof are that the filing must state (1) why such sealing is necessary; (2) why another procedure will not suffice; and (3) the period of time that the party seeks to have the matter maintained under seal. L.U. Civ. R. 79(e)(3)(C) & (E). The motion to seal must also provide references to governing case law, L.U. Civ. R. 79(e)(3)(D), as well as a non-confidential description of what is to be sealed. L.U. Civ. R. 79(e)(3)(A). The motion should also contain a specific request that the document(s) be sealed from access by both the public and the litigants' counsel; from public access only, with CM/ECF access permitted to the litigants' counsel; or be sealed from public access only in CM/ECF, with public viewing available at terminals located within the Clerk's office. L.U. Civ. R. 79(e)(3)(B). The party requesting seal is also required to submit a proposed to the court reciting the findings required by governing case law to support the proposed sealing. L.U. Civ. R. 79(e)(3)(F).

On this record, the court finds that the Unopposed Motion to Seal/Restrict Access to the Expert Report of Lenard Vare does not comply with Local Rule 79. Among its defects, the motion does not explain why another procedure, such as redaction, will not suffice. The motion does not specify the time period Defendants seek to have the report maintained under seal. Additionally, the explanation for why sealing is necessary – stated safety concerns by

Plaintiffs – is overly broad and generic. For the reasons stated, the motion to seal is denied. Notwithstanding this denial, the court will provide the parties the opportunity to re-urge a motion to seal as follows:

The court *sua sponte* orders the Clerk's Office to seal the subject expert report [Doc. 166-1] from public access for a limited period of thirty (30) days from the date of this Order. During this time, the parties, if any of them, are directed, should they desire to continue all or part of the seal beyond the initial 30-day period, to file a meritorious motion and memo seeking to do so that complies in all respects with Local Civil Rule 79.

THEREFORE, IT IS ORDERED that Defendants' Consent Motion to Restrict Document from Public Access is hereby denied without prejudice. The Clerk's Office is, however, directed to seal the expert report of Lenard Vare from public access for 30 days from the date of this Order as aforesaid.

**SO ORDERED**, this the 10th of January, 2024.

/s/ Jane M. Virden
**United States Magistrate Judge**