**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANDREW ALEXANDER, et al.**                                            **PLAINTIFFS**

**VS.**                                  **CIVIL ACTION NO. 4:20-CV-21-SA-JMV**

**PELICIA E. HALL, et al.**                                           **DEFENDANTS**

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO SUBMIT A LEGEND TO THE COURT "IN CAMERA" IDENTIFYING "DOE" PLAINTIFFS AND PERMITTING DEFENDANTS TO FILE EXHIBIT [ECF NO. 196-34] UNDER SEAL**

This matter is before the court on Defendants'[1] unopposed motion [ECF No. 208] (i) for leave to submit to the Court for *in camera* review a legend identifying the names of Plaintiffs identified as "Doe 1" through "Doe 14" in both parties' briefs on class certification and Defendants' previously-filed exhibits in support of their response to Plaintiffs' motion for class certification, and (ii) for leave to file under seal, and restrict from public view,[2] an un-redacted version of Plaintiffs' Administrative Remedy Program records, a redacted version of which Defendants previously filed as Exhibit 34 to their Response to Plaintiffs' motion for class certification [ECF No. 196-34]. For the reasons set forth in the motion, restated in part below, the motion is GRANTED.

By way of background, prior to the filing of their motion for class certification, Plaintiffs raised concerns that disclosing the identities of the Plaintiffs making particular allegations created safety risks, and Defendants agreed to redact from public filings the Plaintiffs' names in those

---

[1] Pelicia Hall, Tommy Taylor, Jeworski Mallett, Brenda Cox, Timothy Morris, Lee Simon, Marylen Sturdivant, Wendell Banks, Verlena Flagg, Jewel Morris, Leather Williams, Earnest King, Laquitta Meeks, Stanley Flagg, Claude Lee, Peggy Lathan, Olivia Westmoreland, Caren Webb, Terry Haywood, Audrey Fields, and Marshal Turner, each of whom has been sued in their personal and individual capacity.

[2] The documents are to be sealed from public access only, with CM/ECF access permitted to the litigants' counsel.

circumstances and replace those names with pseudonyms ("Doe 1" through "Doe 14"). Plaintiffs also asserted that restricting certain other additional information (other identifying information) was necessary to prevent others from discovering the identities of Plaintiffs, and Defendants did not contest that assertion. To address these concerns, the parties agreed they would, in conjunction with the redaction of certain identifying information and use of a set of pseudonym identifiers "Doe 1" through "Doe 14" in their place, also submit to the Court for *in camera* review a legend disclosing to the Court the identities of the Plaintiffs identified as "Doe 1" through "Doe 14."

Based on that agreement, both Plaintiffs' and Defendants' briefs on Plaintiffs' motion for class certification identify the Plaintiffs by their "Doe 1" through "Doe 14" pseudonyms and not by their names. *See generally* [ECF No. 189] (Plaintiffs' opening brief); [ECF No. 197] (Defendants' response brief); [ECF No. 201] (Plaintiffs' reply brief). Plaintiffs and Defendants also filed exhibits that redacted the Plaintiffs' names and other additional identifying information.

After filing their motion for class certification, Plaintiffs filed an Omnibus Motion to Restrict, which sought to restrict from public view a number of documents. *See* [ECF No. 194] at 1–2 (list of documents sought to be restricted). Among the documents Plaintiffs sought to restrict were the un-redacted deposition transcripts and other documents[3] relied upon by Plaintiffs in redacted form as attachments to their motion for certification. *See* [ECF No. 195] at 8–11. Defendants did not oppose Plaintiffs' motion to restrict.

Defendants filed in support of their response to Plaintiffs' motion for class certification excerpts of the deposition transcripts of the Plaintiffs with the Plaintiffs' names and other identifying information redacted. *See* [Docs. 196-5, 196-6, 196-8, 196-9, 196-10, 196-11, 196-12, 196-13, 196-29, 196-30]. This was the same deposition transcript information that Plaintiffs had redacted and moved to file under seal and restrict from public view. *Compare* Defendants'

---

[3] On February 9, 2024, Plaintiffs submitted to the Court un-redacted versions of the Plaintiffs' deposition transcripts and other exhibits that Plaintiffs moved to restrict from public view.

Response [ECF No. 196] *with* Plaintiffs' Omnibus Motion to Restrict [ECF No. 194].

    a. Deposition of Doe 2. *See* Defendants' Exhibit [ECF No. 196-10] *and* Plaintiffs' Exhibit [ECF No. 190-10].

    b. Deposition of Doe 3. *See* Defendants' Exhibit [ECF No. 196-9] *and* Plaintiffs' Exhibit [ECF No. 193-5].

    c. Deposition of Doe 4. *See* Defendants' Exhibit [ECF No. 196-5] *and* Plaintiffs' Exhibit [ECF No. 190-12].

    d. Deposition of Doe 5. *See* Defendants' Exhibit [ECF No. 196-29] *and* Plaintiffs' Exhibit [ECF No. 190-11].

    e. Deposition of Doe 6. *See* Defendants' Exhibit [ECF No. 196-8] *and* Plaintiffs' Exhibit [ECF No. 193-1].

    f. Deposition of Doe 7. *See* Defendants' Exhibit [ECF No. 196-11] *and* Plaintiffs' Exhibit [ECF No. 190-13].

    g. Deposition of Doe 8. *See* Defendants' Exhibit [ECF No. 196-12] *and* Plaintiffs' Exhibit [ECF No. 190-8].

    h. Deposition of Doe 11. *See* Defendants' Exhibit [ECF No. 196-13] *and* Plaintiffs' Exhibit [ECF No. 190-4].

    i. Deposition of Doe 12. *See* Defendants' Exhibit [ECF No. 196-6] *and* Plaintiffs' Exhibit [ECF No. 193-3].

    j. Deposition of Doe 14. *See* Defendants' Exhibit [ECF No. 196-13] *and* Plaintiffs' Exhibit [ECF No. 190-9].[4]

Concerning this issue, I find a legend disclosing the names of the Plaintiffs identified in the parties' briefs and exhibits as "Doe 1" through "Doe 14" will aid the Court in ruling on Plaintiffs'

---

[4] Defendants did not file excerpts of the transcripts of Doe 1, Doe 8, Doe 10, and Doe 13. See [ECF No. 196].

motion for class certification. Accordingly, I approve Defendants' unopposed request to submit to the Court for *in camera* review a legend identifying the names of Plaintiffs identified as "Doe 1" through "Doe 14" in all parties' motions and briefs on class certification.

In addition, Defendants filed as Exhibit 34 to their response to Plaintiffs' motion for class certification a collection of Administrative Remedy Program ("ARP") records for the Plaintiffs. *See* [ECF No. 196-34]. Based on its prior agreement with Plaintiffs to prevent any alleged safety risks to the Plaintiffs, Defendants redacted from Exhibit 34 the Plaintiffs' names and other additional information that Defendants contend is irrelevant to the class certification motion and this case but that could potentially be used by others to discover the identity of the Plaintiffs. *See id.* More specifically, the additional information that Defendants redacted from Exhibit 34 was:

   a. The date that Doe 6 escaped from MSP, [ECF No. 196-34] at 17;

   b. The details of Doe 12's ARP grievance related to a rule violation he received for possession of contraband, *id.* at 34–35; and

   c. The details of Doe 13's ARP grievances related to rule violations he received for possession of contraband, *id.* at 42–43.

By the instant motion [ECF No. 208], Defendants have requested leave to file an un-redacted version of Exhibit 34 under seal and restrict the same from public view.[5] According to Defendants, the Court's review of the additional information that Defendants redacted from their publicly-filed Exhibit 34 is necessary to determine whether Doe 6, Doe 12, and Doe 13's ARP grievances, in fact, "involved disputed rule violation reports and other matters that have absolutely nothing to do with this lawsuit," as Defendants contend in their class certification response. *See* [ECF No. 197] at 37. Moreover, as Defendants point out, Plaintiffs contend that public filing of the date Doe 6 escaped and the details regarding Doe 12 and Doe 13's grievances could potentially allow

---

[5] Litigants' counsel will retain CM/ECF access.

others to discover the identity of those Plaintiffs, which creates a safety risk for those Plaintiffs. I agree that the public's interest in viewing this specific information is outweighed by the safety concerns raised. Therefore, I find that this information should be restricted in view of the safety concerns raised.

**ACCORDINGLY, IT IS ORDERED:**

(1) Leave is granted for counsel on behalf of Defendants, acting in concert with Plaintiffs' counsel, to submit to the Court for *in camera* review a legend identifying the names of Plaintiffs identified as "Doe 1" through "Doe 14" in both parties' briefs on class certification and Defendants' previously filed exhibits in support of their response to Plaintiffs' motion for class certification; and

(2) Leave is granted for Defendants' counsel to file under seal, and restrict from public view, an un-redacted version of Plaintiffs' ARP records, a redacted version of which Defendants previously filed as Exhibit 34 to their Response to Plaintiffs' motion for class certification, [ECF No. 196-34]. In order to accomplish same, counsel for Defendants are directed to submit an un-redacted version of ECF No. 196-34 via email transmission to the Northern District of Mississippi US District Court Clerk's Office at the following email address: ecf_information@msnd.uscourts.gov. The Clerk is instructed to docket the exhibit under seal from public access, with CM/ECF access permitted to the litigants' counsel.

SO ORDERED, this the 8th day of March, 2024.

/s/ Jane M. Virden  
**United States Magistrate Judge**