**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANDREW ALEXANDER, et al.**                                                                                          **PLAINTIFFS**

**v.**                                                                       **Civil Action No. 4:20-cv-21-SA-JMV**

**PELICIA E. HALL, et al.**                                                                                           **DEFENDANTS**

<u>**ORDER GRANTING, AS MODIFIED WITH RESPECT TO EXHIBIT G, MOTION TO RESTRICT**</u>

    This matter is before the court on Plaintiffs' motion (ECF No. 194), pursuant to L.U. Civ. R. 79(b) and section 5 of the U.S.D.C Northern District of Miss. Administrative Procedures for Electronic Case Filing, to restrict selected portions of the Expert Report of Lenard Vare (ECF No. 166-1, aka Exhibit F); certain portions of the transcripts of Plaintiffs' depositions (ECF No. 190-4-5, 8-13, 191-1, 193-1-5, aka Exhibits H, I, J, K, L M, N, O, P, Q, R, S, T, and U); the "Key for Identification of Pseudonymous Plaintiffs" (Exhibit G)[1]; the building schematics for Unit 29 (ECF No.190-3 aka Exhibit V); the "Scratch Sheets" (ECF No. 192-13 aka Exhibit W); and the "Combined CID Reports and Disciplinary Records for Certain Individuals" (ECF No.192-5 aka Exhibit X ). No opposition to the motion has been filed and the time for doing so has expired. For the reasons set forth in greater detail in the plaintiffs' memorandum (ECF. No. 195) in support of the instant motion, some of which are referenced in part below, the motion is granted, except as pertains to the "Key for Identification of Pseudonymous Plaintiffs" (Exhibit G), for the treatment of which the parties are directed to footnote 1 below.

---

[1] Though referenced in Plaintiff's motion (ECF. No. 194) and corresponding memorandum (ECF. No. 195) as Exhibit G, no such document has been filed on the docket. Accordingly, the same will not be restricted on the docket. Instead, Exhibit G will simply be submitted by counsel jointly to the district judge *in camera* as more fully discussed in this Court's order of today, appearing at ECF No. 209.

This is a putative class action involving conditions of confinement at Parchman Prison. Among the conditions complained of is that gangs exercise significant control over the operations at Parchman. Relevant thereto are the certain documents made subject of the instant motion to restrict. Each such document is discussed below.

I. **The Expert Report of Lenard Vare (Proposed Restricted Portions of ECF No. 166-1, Exhibit F)**

The majority of the proposed restricted portions of the Vare Report are of the identities, or indica of identities, of particular Named Plaintiffs. Additionally, a significant chunk of direct testimony from one person quoted in the Vare Report is designated to be restricted because, on its face, it is believed to create a substantial risk of harm to the person giving the testimony. I find the identities, indica of identities, and direct testimony designated for restriction to warrant the protection sought. Publicly identifying the Named Plaintiffs in relation to testimony about gangs and disclosing the direct testimony designated for restriction creates a substantial risk of harm to the Named Plaintiffs and others. On the other hand, these restrictions will have only a minimal impact on the publics' access to judicial records.

Because the Vare report currently appears on the docket as ECF No. 166-1 in an unrestricted fashion, and Plaintiffs seek only to restrict from public view selected excerpts as aforesaid, to accomplish the same, Plaintiffs' counsel is directed to email the Vare report *WITH* the excerpts discussed above *REDACTED* to the Northern District of Mississippi US District Court Clerk's Office at the following email address: ecf_information@msnd.uscourts.gov. The Clerk's Office will then replace, on the docket at EFC No. 166-1, the existing, unrestricted Vare report with the redacted Vare report. Plaintiffs' counsel is then authorized to submit, *in camera*, to the District Judge's chambers the unredacted version of the Vare report.

II. **Plaintiffs' Deposition Transcripts (John Does 1-14) (ECF No. 190-4-5, 8-13, 191-1, 193-1-5, Exhibits H-U)**

Plaintiffs seek to restrict all information within their depositions that could be used to identify the individual giving the testimony or who is otherwise the subject of it. In many instances this information is merely conventional, such as name, date of birth, etc. However, in others the information to be restricted, while not conventionally identifying, is sufficiently descriptive, under the circumstances being testified about, so as to likely reveal to a reader the identities of those involved and thereby expose them to a significant risk of harm.

III. **The Scratch Sheets (ECF No. 192-13, Exhibit W); the Parchman Schematic of Unit 29 (ECF No. 190-3, Exhibit V); and the "Combined CID Reports and Disciplinary Records for Certain Individuals" (ECF No. 192-5, Exhibit X)**

The scratch sheets are documents that identify the staff members working at the specific buildings within Unit 29 on a given day and shift and minimum staff requirements. I find disclosure of this information publicly could present an unreasonable risk harm to the safety of the public, employees, and inmates of Parchman.

Similarly, it is plain that disclosure of the detailed schematic of Unit 29 creates a risk to the public's safety as well as that of inmates and employees of Parchman.

The "Combined CID Reports and Disciplinary Records for Certain Individuals" contains details of incidents that have occurred at Parchman since 2018, including the identity of persons, or indicia of identity of persons, who are not parties to the lawsuit and in some instances, not MDOC employees. I find Exhibit X, ECF. No. 192-5, needs to be restricted as it presents a special concern for safety of others.

In summary, having reviewed Plaintiffs' Omnibus Motion, the proposed restricted documents, and considered the matter, the court finds that this motion is well taken (as modified). Plaintiffs have identified serious safety concerns for Plaintiffs if their identities are

coupled with the content of their testimony, safety concerns for staff and the public if the schematics for Unit 29 are disclosed to the public, safety concerns for staff and the public if the minimum number of corrections officers assigned to the buildings and shifts at Unit 29 are disclosed, and safety and privacy concerns for people who are not parties to the case if the contents of the Combined CID Reports and Disciplinary Records for Certain Individuals are disclosed.

**ACCORDINGLY, IT IS ORDERED** that:

(1) Plaintiffs' counsel is directed to email the Vare report *WITH* the excerpts discussed above *REDACTED* to the Northern District of Mississippi US District Court Clerk's Office at the following email address: ecf_information@msnd.uscourts.gov. The Clerk's Office will then replace, on the docket, the existing, unrestricted Vare report now appearing at ECF No. 166-1 with the redacted Vare report (aka Exhibit F). Plaintiffs' counsel is then authorized to submit, *in camera*, to the District Judge's chambers an unredacted version of the Vare report; and

(2) The transcripts of the Plaintiffs (designated as John Does 1–14) **(ECF No.190-4-5,8-13, 191-1, 193-1-5,** aka **Exhibits H-U**)**;** Schematics for Unit 29 **(ECF No.190-3,** aka **Exhibit V**); Combined CID Reports and Disciplinary Records for Certain Individuals **(ECF No.192-5,** aka **Exhibit X** )**;** and Scratch Sheets **(ECF No. 192-13,** aka **Exhibit W)** shall be restricted from the public, with CM/ECF access permitted to litigants' counsel. To accomplish the same, Plaintiffs are ordered to submit, without redaction, each of the aforementioned documents (appearing with redactions at the designated ECF docket numbers) via email transmission to the Northern District of Mississippi US District Court Clerk's Office at the following email address:

ecf_information@msnd.uscourts.gov. The Clerk is instructed to docket the unredacted exhibits under seal from public access, with CM/ECF access permitted to the litigants' counsel.

**SO ORDERED**, this the 8th of March, 2024.

/s/ Jane M. Virden
**United States Magistrate Judge**