**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ANDREW ALEXANDER, et al.**                                                    **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO. 4:20-CV-21-SA-JMV**

**PELICIA E. HALL, et al.**                                                     **DEFENDANTS**

**JOINT MOTION TO STAY CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES PENDING RULING ON MOTION TO SEVER CLAIMS INTO SEPARATE CIVIL ACTIONS OR ALTERNATIVELY SEPARATE TRIALS**

Plaintiffs and Defendants file this joint motion to stay the October 29, 2024 case management conference and October 25, 2024 deadlines to submit a joint proposed case management order and confidential settlement memoranda, *see* [215], pending a ruling on Defendants' motion to sever claims into separate civil actions or alternatively for separate trials, *see* [216, 217].

1. On September 23, 2024, the Court denied the 14 Plaintiffs' motion for class certification. [212].

2. On October 8, 2024, the Court, Magistrate Judge Virden presiding, held a status conference and ordered a subsequent telephonic case management conference for October 29, 2024. [214, 215]. Judge Virden ordered the parties to submit a joint proposed case management order and confidential settlement memoranda no later than October 25, 2024. [215].

3. On October 23, 2023, Defendants filed a motion to sever claims into separate civil actions, or alternatively for separate trials, and filed a memorandum in support. [216, 217]. Defendants request that the Court sever the 14 Plaintiffs' claims into 14 separate civil actions

1

under Rule 21 of the Federal Rules of Civil Procedure. In the alternative, Defendants request that the Court order separate trials for each of the Plaintiffs under Rule 42.

4. The Court may modify a schedule "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The parties believe that the Court's ruling on the motion to sever will significantly impact the proposed case management order. Plaintiffs have also advised that they are in the process of evaluating their settlement position given the posture of the case.

5. The parties submit that Defendants' motion to sever is good cause for a modification of the Court's order setting a case management conference and related deadlines. Discussions of this action in the October 29 case management conference would be based on this action currently involving 14 Plaintiffs pursuing claims jointly. In the motion to sever, however, Defendants request that the 14 Plaintiffs' claims be completely severed into 14 separate civil actions such that there would be separate case management orders, discovery, motion practice, other pre-trial proceedings, and trials. Thus, if the Court grants Defendants' motion to sever, any case management order arising from the October 29 conference would likely be moot and the parties would be required to submit new proposed case management orders and confidential settlement memoranda in each of the 14 separate actions.

6. This motion is made before the expiration of the deadlines stated in the Court's October 8 order. The parties do not request a stay for purposes of delaying resolution of this matter. Instead, the stay is to allow the Court to rule on the motion to sever, which will greatly impact how the case proceeds.

7. In light of the straightforward nature of the requested relief, Plaintiffs and Defendants respectfully request that this Court dispense with L.U. Civ. R. 7(b)(4)'s requirement to submit a formal memorandum brief in support of the relief requested.

**ACCORDINGLY,** Plaintiffs and Defendants respectfully request that the Court stay the October 29, 2024 case management conference and October 25, 2024 deadlines to submit a joint proposed case management order and confidential settlement memoranda pending a ruling on Defendants' motion to sever claims into separate civil actions or alternatively for separate trials. The parties request such other and further relief as the Court deems just and proper.

Dated: October 24, 2024.

                                              Respectfully submitted,

By:   *s/ Cody C. Bailey*
        Cody C. Bailey
        One of Defendants' Attorneys

OF COUNSEL:

LYNN FITCH
Attorney General of Mississippi

Claire Barker (MSB #101312)
Special Assistant Attorney General
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3523
Claire.Barker@ago.ms.gov

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
William Trey Jones, III (MSB #99185)
tjones@brunini.com
Karen E. Howell (MSB #102243)
khowell@brunini.com
Cody C. Bailey (MSB #103718)
cbailey@brunini.com
L. Kyle Williams (MSB #105182)
kyle.williams@brunini.com
Jacob A. Bradley (MSB #105541)
jbradley@brunini.com
J. Breland Parker (MSB #106324)
bparker@brunini.com
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119

Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

*Counsel for Defendants*

                                         By:    *s/ Paul S. Matouka*
                                                    Paul S. Matouka
                                                    One of Defendants' Attorneys

OF COUNSEL:

Paul Matouka (P84874)
Admitted pro hac vice*
OLIVER LAW GROUP P.C.
50 W. Big Beaver Road, Ste. 200
Troy, MI 48084
(248) 327-6556
notifications@oliverlawgroup.com

Arthur Calderon
CALDERON LAW
103 S. Court St. #101
Cleveland, MS 38732
(662) 594-2439
arthur@msdeltalaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                      */s/ Cody C. Bailey*
                                                      Cody C. Bailey